## Com. of Pa. v. Bachman, Appellant.

Argued December 12, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*John B. Stevens* of *Stevens and Lee,* and with him *Ralph C. Body,* for appellant.

*H. F. Kanter,* and with him *Gabriel H. Moyer* and *John P. Wanner,* District Attorney, for appellee.

424

Opinion by Baldrige, J., March 3, 1933:

This action was instituted under the Act of April 13, 1867, P. L. 78 (18 PS § 1251), which subjects any husband or father to an order of support if he separates himself from his wife or children, or without reasonable cause neglects to maintain them.

The wife contends that she is entitled to her husband's support as (1) he consented to her leaving their home; and (2) that his conduct justified her action. The learned court below found that the proof was insufficient to establish his consent, and that she left him without sufficient justification in law. Notwithstanding these findings, the court made an order requiring the appellant to pay $32 a week to his wife and their two children. The appellant expressly states that he is willing to provide liberally for the children, but vigorously objects to contributing anything toward his wife's support.

The record is an exposition of moral delinquencies, embracing charges and countercharges of sexual degeneracy and other revolting conduct, which we deem it is unnecessary to discuss in detail; no good purpose would be served and certainly neither the husband nor the wife would derive any credit by so doing. Our duty in disposing of this appeal is to determine whether the discretion of the court below has been properly exercised in making the order. The burden was on the wife to prove by satisfactory evidence that her husband's conduct warranted her leaving him, or that he consented to a separation. After reviewing this entire record, we find ourselves in accord with the trial judge's conclusion that the wife failed to carry that burden. Under the provisions of the Act of 1867, a voluntary withdrawal of a wife from her husband, without adequate legal reason, defeats her right to an order in her favor. We find no reason, however, to reduce the amount the court ordered the

appellant to pay, but will confine the payments to the two children.

The order of the court is affirmed, but modified to the extent that the appellant is directed to pay $32 a week for the support of his two children; no part thereof to be paid to the wife. Costs to be paid by appellant.