Commonwealth *v.* Jageman, Appellant.

Argued April 23, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*H. Ray Pope, Jr.,* for appellant.

*W. P. Geary,* District Attorney, for appellee.

PER CURIAM, April 29, 1946:

The relatrix became insane and was committed to an asylum. She was paroled and returned to her husband and four children. She had to be recommitted and later was paroled and went to her father's in 1943. Apparently neither party requested the resumption of the marital relationship. *She* testified that her doctor at the sanatorium advised her not to live with her husband, although he is not charged with any derelictions. On the present record she is not entitled to support from her husband. In order that no injustice be done this case will be remanded with a procedendo, so she may take the testimony of her physician from the Torrance State

Hospital. If she lives away from her husband because she blames him for her commitment to the asylum, or because she has lost affection for him, or if returning home is distasteful to her, she is not entitled to support. On the other hand, if living with her father is a necessary measure for her recovery from her mental disease, the husband is as much liable for her support during such cure as if she was physically ill in some hospital or mentally ill in the asylum. The full facts should be developed.

Order reversed with a procedendo.