Commonwealth ex rel. Myerson, Appellant, *v.*
Myerson.

Argued November 14, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Samuel Kagle,* for appellant.

*Wilfred R. Lorry,* with him *Charles Lakatos* and
*Freedman, Landy & Lorry,* for appellee.

OPINION BY DITHRICH, J., March 4, 1947:

In this action brought by the wife for the support
of herself and daughter under Section 733 of the Act
of June 24, 1939, P. L. 872, 18 P. S. 4733, the learned

court below entered an order for $25 per week for support of the daughter but dismissed the petition of the wife.

In its opinion filed in compliance with Rule 58, the court below concluded: "It is the fixed judgment of this Court that the wife's action in calling a mutual friend and member of the Bar to require her husband to leave, constituted an abandonment on her part, and that she is not entitled to support."

We have examined the record carefully with a view to determining not only whether this conclusion by the court below was justified but whether there is evidence to sustain the order dismissing the petition of the wife on any valid ground: *Com ex rel. Boysen v. Boysen,* 133 Pa. Superior Ct. 329, 2 A. 2d 558; *Com v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266.

The couple were married August 8, 1934, and lived together until February 1945. The daughter was the only child born of the marriage. After they had lived together for ten years, their marital relations became strained, due, according to the wife, to her husband's attention to a young woman employed by him as a bookkeeper, and, according to the husband, due to the extravagant financial demands made upon him by his wife.

In October of 1944 in an attempt to iron out their difficulties, they consulted a member of the Philadelphia bar who was a mutual friend. He testified that they talked to him about a separation, and he advised that they live apart for about six months. The husband refused to enter into the cooling-off period as he desired to be near his daughter; but on or about the 5th of the following February, the wife called the attorney and asked that he tell the husband to leave as he had refused to accede to her demands that he leave. She had some complaints but the attorney couldn't recall just what they were. He, accordingly, advised the husband to leave. He did leave but paid his wife an average of $50 per week in addition to rent, light, heat, and water until

September 30, 1945, when he reduced his payments to $5 per week. The wife then brought this action.

She contended that her husband, who is an interior decorator with his place of business at 1831 Chestnut Street, had a net income of $10,000, but we accept the view of the court below, reached after an independent audit had been made, that his income was not in excess of $4,000. His ability to support his wife and child having been established, the sole question before us is whether the learned court below abused its discretion in denying the wife any support whatever on the ground of abandonment. "The only sufficient cause justifying a husband's refusal to support his wife is conduct on her part which would be a valid ground for divorce. Com. v. Henderson, 143 Pa. Superior Ct. 347, 17 A. 2d 692. A voluntary withdrawal of a wife from her husband without adequate legal reason defeats her right to an order of support (Com. of Pa. v. Bachman, 108 Pa. Superior Ct. 422, 164 A. 833) for a wilful and malicious desertion will be presumed. Whelan v. Whelan, 183 Pa. 293, 38 A. 625. *But if the separation is with the consent of the husband, the wife nevertheless is entitled to support until his consent is withdrawn.*" (Italics supplied.) *Com. v. Sincavage,* supra, page 460.

In our opinion, the separation in this case did not rise higher than a consentable separation. While it is admitted that the relatrix asked her husband to leave, he was under no legal compulsion to do so. This case is readily distinguishable on the facts from *McDermott v. McDermott,* 113 Pa. Superior Ct. 255, 173 A. 746, relied on by appellee. In that case the husband was ordered to stay out of the apartment where he and his wife had been living by the wife's father and two brothers, who said they would take care of his wife, and at the same time his wife told him to get out. The following evening, he returned but she refused to let him in the apartment. He made repeated efforts to effect a reconciliation with his wife, but she absolutely refused to return and live

with him. Here no effort was made by the husband to return to the home for which he continued to pay the rent and other household expenses in addition to contributing $50 a week for the support of his wife and child. The only reasonable explanation for his attempting to cut his wife and child off with $5 a week is the testimony of the wife that he took that drastic action when she refused to accede to his demands that she secure a divorce. The record does not contain sufficient evidence of conduct on the part of the wife that would be a valid ground for divorce by the husband and justify his refusal to support her.

The order of the court below dismissing the petition of the wife is reversed; and it is now ordered that the defendant pay to his wife, Sadie E. Myerson, the sum of $25 per week for her support from May 13, 1946, and that he pay the costs on this appeal.