## Commonwealth ex rel. Soprani *v.* Soprani, Appellant.

Argued March 11, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*James N. Lafferty,* with him *Nathan Griffith,* for appellant.

*Reuben Singer,* for appellee.

OPINION BY HIRT, J., April 16, 1947:

Following the separation of the parties the lower court on February 20, 1936, ordered the respondent to pay relatrix, the petitioner, $6.50 per week, but only for the support of their two minor children. Her prayer for an order for her own support was ignored. The separation had occurred when the respondent left his wife in the home of her parents where they had been living. His earnings had been small and, regardless of

his desires, his financial resources were insufficient to maintain a home elsewhere. He frankly admitted that the separation was "both our fault for being in the house" of her parents. In any view, the circumstances of the separation do not charge relatrix with desertion of her husband and his refusal to support her cannot be justified on that ground. But since no appeal was taken from the order of February 20, 1936, that order, determining that relatrix was not entitled to support, became res adjudicata of that question. *Com. ex rel. Jamison v. Jamison*, 149 Pa. Superior Ct. 504, 27 A. 2d 535. However, even such order refusing support is not inexorably final, but is subject to modification upon proof of subsequent material changes in conditions and circumstances affecting the relationship of the parties. *Com. v. Elliott*, 155 Pa. Superior Ct. 477, 38 A. 2d 531.

On January 11, 1946, relatrix again petitioned for an order of support for herself and for an increase in the prior order for the support of her children. After hearing on her petition, the court, in the order appealed from, directed the respondent to pay "$14 per week *for wife* and two children as of 3/19/46." The testimony of relatrix at the hearing met the burden upon her of proving subsequent changes in the circumstances and in the relationship between her and her husband sufficient to justify a modification of the original order by providing for her support. She testified that they had reconciled their differences in 1939 and had agreed to resume living together. Following the agreement, and corroborative of it, the respondent voluntarily paid his wife $16 per week for a long period and then $11 per week. These payments he admits. We may assume that all over $6.50 per week was paid by him for the support of his wife. We may also assume that the wife relied on the reconciliation and her husband's agreement to establish a home for his family when she later relieved her husband of liability to pay several hundred dollars in arrears on the original support order. In June 1943

respondent in a written statement addressed to his draft board said: ". . . we agreed in 1939 to get together to make our home. I have been commuting back & forth 3 to 4 times a week due to both families sickness and myself and wife being sick also . . . My wife does my shirts and other light clothes." His written statement admits a consummation of the agreement but seeks to excuse his failure to set up a home on the ground of sickness. In the light of respondent's admission in writing that they had resumed cohabitation and the credible testimony of the wife, it is idle for him to contend that she never accepted his offer. Her testimony, which the lower court believed, was that they had reconciled their differences and that she was still waiting for him to establish a home for her and their children, as agreed. At the hearing, respondent indicated that he was not willing to do that, and the court had no alternative other than to compel him to pay for the support of his wife and children elsewhere. The amount of the order is reasonable in the light of respondent's earning power.

Order affirmed.