## Commonwealth ex rel. Huff, Appellant, *v.* Huff.

Argued September 29, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Arthur S. Minster,* for appellant.

*Frank J. Marolla, Jr.,* for appellee.

OPINION BY DITHRICH, J., November 12, 1947:

Upon what we find after an independent review, aided by the hearing judge's appraisal of the credibility of the parties—neither side having called any witnesses—to be sufficient, competent evidence, the wife appellant's petition for support was dismissed.

Although the learned hearing judge correctly determined that she had left her husband without reasonable cause, the only reason she gives for not returning to the fifteen-room house, where he was domiciled with his mother and a seven-year-old daughter by a previous marriage, is that he had locked her out. Her sole reason for so asserting is that her key to the house was missing from her purse the day after she had last visited the house in the company of her husband. That was on July 7, 1946, one of the few times she had returned there since June 15 when she had gone to stay in the home of her parents in Wynnewood, Montgomery County, so that she could be with her young son by a previous marriage who had just returned from school in Los Angeles. There was no valid reason why the boy could not have spent his summer vacation with his mother in the common domicile in Philadelphia, but the home of his maternal grandparents was preferred because it was on the Main Line and more pleasant in the summer.

There was no evidence from which it could fairly be inferred that her husband had taken her key and, even if he had taken it, it would be very flimsy evidence on which to base an assertion that she had been locked out,

especially in view of the fact that she never thereafter made any offer or attempt to return.

She urges upon us that she should not be required to live in the home of her mother-in-law, but when asked "Q. What is wrong with the home he provided for you there?" she answered, "Nothing. Q. Were you satisfied with that home? A. Yes. Q. Had you lived there happily from January until June 15th? A. Yes. Q. And why did you say to him then in this telephone conversation that you would return to him if he provided a home? A. Because he had locked me out . . ."

Had she been caused any discomfort or displeasure while living in the home of her mother-in-law, her refusal to reside there further would not justify her husband's refusal to support her. But where she had absolutely no objection to the home and her husband was not financially able to provide her with any other, we find no abuse of discretion by the learned judge of the court below in holding that her leaving was a voluntary act and worked a forfeiture of her right to support. Cf. *Com. v. Bachman,* 108 Pa. Superior Court 422, 164 A. 833.

Order affirmed.