Commonwealth ex rel. Cripps *v.* Cripps, Appellant.

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John Patrick Walsh,* with him *George W. Dunn, Jr.,* for appellant.

*Alfred I. Ginsburg,* with him *Bernard L. Lemisch,* for appellee.

OPINION BY RENO, J., November 12, 1947:

Upon the husband's appeal we have reviewed the testimony on which the court below based its order commanding him to contribute $30 per week for the support of his wife and minor daughter.

The parties were married November 1, 1944. He is forty-one years of age; she is twenty-two; and their child is two years old. The wife left her husband on October 31, 1946, taking the child with her, and is now living with her parents. She testified to a course of conduct which she claimed justified the separation. Judge TUMO-LILLO found that she "testified with substantial veracity," and that appellant was "unstable and highly emotional,

quarrelsome and entirely lacking in self-control . . . overbearing and domineering." He found that appellant's constant nagging, his excessive drinking, his absences from home over week-ends, his orders that she leave the house, and his threats of bodily harm affected the wife's health and that of the child. Our study of the testimony, aided by the trial judge's appraisal of the credibility of the witnesses, has induced the conviction that there was sufficient evidence to support the finding that the wife had reasonable cause for separating from her husband. *Com. v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266; *Com. ex rel. v. Myerson,* 160 Pa. Superior Ct. 432, 51 A. 2d 350.

Order affirmed.