## Commonwealth ex rel. Pinkenson, Appellant,
## *v.* Pinkenson.

228

Argued November 10, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Richard B. Malis,* with him *David S. Malis,* for appellant.

*Louis M. Cohen,* with him *Abraham L. Freedman* and *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY HIRT, J., March 8, 1948:

In this proceeding, the wife's petition for an order on her husband for support was dismissed by the lower court, but only after serious consideration of all of the testimony. A judge who sees and hears the witnesses in a case such as this is in better position than we to decide the issue on its merits (*Com. ex rel. v. Wm. Goldstein,* 105 Pa. Superior Ct. 194, 160 A. 158) and our function on appeal, therefore, is merely to determine whether the lower court is chargeable with an abuse of discretion. *Com. ex rel. Myerson v. Myerson,* 160 Pa. Superior Ct. 432, 51 A. 2d 350. The order of the lower court here is clearly supported by the evidence and will be affirmed.

The parties were married on February 20, 1945, in Leesville, Louisiana, while the respondent was in military service. He is sixteen years older than his wife. Following their marriage they lived together near a number of military camps throughout the south where respondent was stationed from time to time. When he was discharged from the army, on age, in September 1945, the parties came to live in Philadelphia where respondent had lived and was employed when inducted into the service. On his return he resumed teaching in a girl's school and also conducted a retail women's apparel shop in Philadelphia in partnership with his brother. Immediately after moving to Philadelphia their marital troubles began. Relatrix left her husband on two occasions thereafter, the last on May 9, 1947.

This proceeding was brought under section 733 of the Act of June 24, 1939, P. L. 872, 18 PS 4733. Since this statute, in substance, is a reënactment of the Act of April 13, 1867, P. L. 78 (*Com. v. Shankel*, 144 Pa. Superior Ct. 476, 19 A. 2d 493), rules of construction of the prior Act are equally applicable to the present statute. Where a wife seeking support has left her husband, the issue is whether he has neglected to maintain her "without reasonable cause". A voluntary withdrawal of a wife from her husband without adequate legal reason defeats her right to support. *Com. of Pa. v. Bachman,* 108 Pa. Superior Ct. 422, 164 A. 833. This has always been the rule. As to the husband, the only "reasonable cause" justifying his refusal to support his wife is conduct on her part which would be a valid ground for a decree in divorce. *Commonwealth v. Henderson,* 143 Pa. Superior Ct. 347, 17 A. 2d 692. But a wife who has withdrawn from the marital domicile, on seeking support is not held to that high degree of proof and need not establish facts which would entitle her to a divorce. It is sufficient if she justifies living apart from her husband for any other reason adequate in law. Thus in *Commonwealth v. Jageman,* 159 Pa. Superior Ct. 52,

46 A. 2d 738, an insane wife when paroled from an institution where she had received treatment, went to the home of her father. In the appeal in that support proceeding we said: "If she lives away from her husband because she blames him for her commitment to the asylum, or because she has lost affection for him, or if returning home is distasteful to her, she is not entitled to support. On the other hand, *if living with her father is a necessary measure for her recovery from her mental disease,* the husband is as much liable for her support during such cure as if she was physically ill in some hospital or mentally ill in the asylum". In *Com. ex rel. Whitney v. Whitney,* 160 Pa. Superior Ct. 224, 50 A. 2d 732, we held that a wife seeking support must establish facts sufficient to enable her to secure a divorce. The testimony was ample in that case to meet that high degree of proof and no one was injured by the ruling. However, the *Whitney* case is not to be regarded as authority for any change in the established rule as to the burden on a wife seeking support, while living apart from her husband, without his consent.

Relatrix at the time of the hearing in this case, was suffering from a nervous disorder according to her physician's testimony and a psychiatric examination ordered by the court confirmed that diagnosis. Although the parties professed fondness for each other there undoubtedly was a clash of temperaments and the respondent was not wholly blameless. But the court was right in refusing to attach weight to the extravagant language of the relatrix in testifying to respondent's alleged improper treatment of her amounting to indignities as the cause of her malady and we need not discuss that phase of her complaint. Relatrix was of a high strung and nervous disposition. But she also demonstrated a total lack of self-discipline. She was immature and uncoöperative. The real cause of the separation was her overpowering desire to be with her mother in New York. When after respondent's discharge from

the army the parties spent two weeks in Atlantic City on a "delayed honeymoon" her mother accompanied them at the insistence of relatrix. She had stated that she was torn between love for her husband and her mother, and her conduct confirmed the statement. While in Philadelphia, she telephoned her mother daily and visited her in New York about once each week. She lived with her mother during the first separation from January to May in 1946 when she returned to Philadelphia. Her 'mother complex' was largely responsible for the strained marital relations. She complained of her husband's penury but without good cause. He supported her adequately according to his means. The truth undoubtedly is that she had grandiose notions as to how he should provide for her and made demands on him accordingly. True, the apartment in which they lived was little more than adequate but in a shortage of housing it was the best available on respondent's discharge from the army. He was willing to buy when a suitable home could be found. She insisted that respondent resign his school position and close out his business in Philadelphia and move to New York, taking the chances of making profitable connections there.

It seems apparent that relatrix's nervous disorder was not caused by respondent's conduct and was not wholly involuntarily suffered at its inception by her but was largely self-induced by her wilful and determined dissatisfaction with life with her husband in Philadelphia and the testimony is insufficient to support a finding that living apart from her husband is essential to a cure of her malady. A circumstance of some general significance is the fact that at the argument before the lower court on July 21, 1947, appellant stressed her right to support on the ground that the order would be but temporary pending her return. The lower court testing the sincerity of that argument did not enter an order in the case until October 28, 1947, and in the meantime had a number of conferences with counsel looking

toward a reconciliation, without success. And up to the date of filing this opinion in the present appeal, relatrix, eight months later, still contends for support to satisfy a *temporary* need. It is a reasonable inference from the testimony that relatrix has no present intention of ever returning to her husband and that her nervous disorder is but an excuse for obtaining support while separated.

The lower court found that the relatrix has not met the burden of proving a separation from her husband upon adequate legal reasons. The court is not chargeable with an abuse of discretion in that conclusion from the evidence. Relatrix's persistence in the separation amounts to wilful desertion which relieves the respondent from the obligation under the statute to support his wife.

Order affirmed.