Commonwealth ex rel. Testa *v.* Testa, Appellant.

Argued March 24, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Edward I. Weisberg,* for appellant.

*John A. Friedrich,* with him *Harry S. Kaufman,* Assistant District Attorney, and *John H. Maurer,* District Attorney, for appellee.

PER CURIAM, April 12, 1949:

In this desertion and nonsupport proceeding the court below ordered the husband to pay a weekly sum of $20 for the support of his wife and four-year-old child. The husband has appealed from this order. While he concedes his liability to support the child, he contends (1) that he is under no duty to support his wife because she requested or demanded that he should leave; and (2) that the order exceeds the amount justified by the evidence as to his income.

As to the first contention, it is well established that a husband who seeks to avoid liability for supporting his wife must show conduct on her part which would be a valid ground for a decree of divorce. *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 229, 57 A. 2d 720. The record of the present case does not disclose any such facts. The parties were married on May 3, 1941, and separated on November 28, 1948. Appellant admits that he left his wife and child and contributed nothing toward their support. He testified that he left the home because his wife asked him to stay out a week so she could get a divorce. The wife testified that appellant left her for somebody else. If we accepted appellant's version that he left because his wife requested him to do so, this would not relieve him of the duty of supporting her; he was under no compulsion

to leave. *Com. ex rel. Myerson v. Myerson,* 160 Pa. Superior Ct. 432, 434, 51 A. 2d 350.

Appellant's remaining contention is equally devoid of merit. He testified that he is a painter and brick pointer by trade; that he is self-employed; that he loses about three full months out of the year because of the seasonal character of his work; and that he can make $60 per week. Although he testified that his earnings for the year 1948 were about $1,000, he bought an automobile for $450 during 1948. If we accept appellant's statement that he loses three months out of the year, his earning capacity for the remaining nine months of the year would amount to $2,340. In determining the amount of the support order, the court was not restricted to appellant's actual earnings, but was entitled to consider also his earning power (*Com. ex rel. Barker v. Barker,* 160 Pa. Superior Ct. 263, 268, 269; 50 A. 2d 739; *Com. ex rel. Wieczorkowski v. Wieczorkowski,* 155 Pa. Superior Ct. 517, 519, 38 A. 2d 347), together with all the attendant circumstances (*Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 507, 27 A. 2d 535). We think the court below properly exercised its discretion in making the order of $20 per week for the support of the relatrix and their child, and that under the circumstances it is not unreasonable and is within the ability of appellant to pay.

Order is affirmed.