## Commonwealth *v.* Popkin, Appellant.

Argued September 28, 1949. Before Rhodes, P. J., Hirt, Dithrich, Ross, Arnold and Fine, JJ. (Reno, J., absent).

*I. Louis Rubin,* for appellant.

*Morton E. Braude,* with him *Willard S. Curtin* and *Edward G. Biester,* District Attorney, for appellee.

Opinion by Arnold, J., November 15, 1949:

The respondent-husband appeals from the entry of a support order in favor of his wife.

The parties, both unemployed, were living with her parents in Bristol, Pennsylvania. In June, 1946, she left him and went to Atlantic City. On July 8 she wrote her husband and, in part, stated: "This is the finish—. You are a swell guy—one of the best but we aren't what it takes to make a go of it. . . . I hate Bristol and all it stands for. I have wanted to break away from home for a long time. . . *Please* do *not* try and find me because I will not come back . . . this is

what I want . . . Whenever I decide I want a divorce I will let you know and please as a last favor do not fight it. . . ."

A little later she came back to her parents' home and learned that he was ill and had gone to his mother's house in that same borough. She attempted no reconciliation, thus standing on her statements: "I will not come back. . . . I want a divorce. . . . " Her withdrawal on July 8, 1946, was voluntary and without adequate legal cause. See *Commonwealth of Pa. v. Bachman*, 108 Pa. Superior Ct. 422, 164 A. 833.

On September 4, 1946, she sued for divorce on the ground of indignities. He vigorously contested and the divorce was refused, both on the merits and because he made an oral agreement, later repudiated, that he would not defend. She took an appeal to this Court which was non prossed.

At the instant hearing her only excuse for leaving was that living with him "was quite unbearable." She gave no reason why she could not bear it, probably because she had written him: "You are a swell guy—one of the best. . . ."

A husband who refuses to live with his wife on the mere allegation that it is unbearable, must support her.

By the same token, a wife who refuses to live with her husband upon the same dubious and equivocal excuse, is not entitled to support: *Commonwealth ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, 57 A. 2d 720; *Commonwealth v. Callen*, 165 Pa. Superior Ct. 163, 67 A. 2d 610; *Ewing v. Ewing*, 140 Pa. Superior Ct. 448, 14 A. 2d 149.

These rules are not changed because the innocent spouse refuses to let the other obtain a divorce.

The order is reversed.