## Commonwealth ex rel. Lubanski *v.* Lubanski, Appellant.

Argued October 11, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*John Michael Doodan,* for appellant.

*C. P. Mirarchi,* with him *Mirarchi & Mirarchi,* for appellee.

OPINION BY FINE, J., November 22, 1949:

This is an appeal by a husband from an order for the support of his wife and child. He complains that the court below erred in entering an order because the wife refused to accept his offers of reconciliation and because the order of $15.00 a week, if restricted to the support of the child, is not warranted by his earnings.

The wife testified the parties were married on June 30, 1947; that in October, 1948, appellant, without cause, left her; that their daughter, Melanie, was born November 5, 1948; and, that appellant has neglected to maintain and support both her and the child. There is no merit to appellant's contention that his wife's right to support is barred because she has causelessly refused to accept his offer of reconciliation made prior to the last hearing on July 21, 1949. It is true that where a husband and wife are living apart and the husband, in good faith, makes an offer of reconciliation which is refused by the wife, such refusal on the part of the wife will be sufficient to bar her right to support. Conversely stated, she becomes a deserter and such conduct, if persisted in for two years, gives her husband cause for divorce.

After three hearings, during which time there was ample opportunity to observe the demeanor and attitude of the appellant and to hear him, the court below concluded that his offer of reconciliation was not bona fide. Bona fides must constitute the very essence of a proffered reconciliation, for appellee's right to support is not to be cut off by a meaningless pretense or an isolated strategem. "It may have the hand of Esau, and yet betray the voice of Jacob. . . .": *McClurg's Appeal*, 66 Pa. 366, 373. A broad discretion is lodged in the court below on the matter of bona fides and we will not reverse in the absence of manifest abuse of this discretion. "A judge who sees and hears the witnesses . . . is in better position than we to decide the issue on its merits . . . and

our function on appeal, therefore, is merely to determine whether the lower court is chargeable with an abuse of discretion": *Commonwealth ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 57 A. 2d 720.

Having concluded that the court below did not err in entering an order for the support of the wife, it is unnecessary to discuss the reasonableness of the amount directed to be paid for the support of both the wife and the child. Appellant concedes that if the order in favor of the wife is proper the amount of $15.00 a week is reasonable.

Order affirmed.