## Commonwealth ex rel. Kenny v. Kenny, Appellant.

Argued April 9, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Louis M. Cohen,* with him *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*Irving R. Shull,* with him *Alfred I. Ginsburg* and *Bernard L. Lemisch,* for appellee.

OPINION BY DITHRICH, J., July 19, 1951:

The parties in this desertion and nonsupport proceeding were married March 5, 1947. They separated August 19, 1950. The husband is a member of a group of professional entertainers known as the Ink Spots. His work requires him to travel about the country, and up until August 19, 1950, his wife had always accompanied him on his trips. They traveled mostly by automobile.

Their testimony is conflicting as to why she refused to go with him on the trip which started August 19, 1950. She testified that it was because he had mistreated her frequently during their married life, while he denied that he had given her just cause for leaving him and testified that he had made repeated efforts to have her come back to him and at the hearing said he was still willing to take her back. However, the able and experienced hearing judge decided that the offer of reconciliation was a "meaningless pretense" to "cut off the wife's right to support" and could "hardly be considered bona fide."

We have repeatedly held that a wife seeking support is not held to the high degree of proof required of her when seeking a divorce (*Commonwealth v. Gleason,* 166 Pa. Superior Ct. 506, 72 A. 2d 595); and that where the offending party relies upon an offer of reconciliation, broad discretion is lodged in the court below in determining the bona fides, which is the very essence of the offer. *Commonwealth ex rel. Lubanski v. Lubanski,* 165 Pa. Superior Ct. 603, 69 A. 2d 440.

"A judge who sees and hears the witnesses . . . is in better position than we to decide the issue on its merits . . . and our function on appeal, therefore, is merely to determine whether the lower court is chargeable with an abuse of discretion": *Commonwealth ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, 228, 57 A. 2d 720.

But while we are of opinion that the court below did not abuse its discretion in passing on the *merits* of the issue, it did err in fixing the amount of the order and the date when it was to become effective. The parties were in agreement that the respondent earned $325 a week with the Ink Spots and that he had on occasion some additional income. But relatrix, beyond stating that she *thought* respondent said his annual income "ranged about $15,000", was not able to back up her testimony with any figures, reliable or otherwise. Respondent, however, gave figures to show that his total net income for the year 1950 was but $5,055 and argues that since his net income per week on that basis would be but $97, his wife would not be entitled to more than one-third of that amount, or approximately $32 a week.

We have made a careful study of the figures furnished by appellant in arriving at his net income and the 1950 tax rate schedule and tax table and have concluded that the order should be reduced from $75 to $50 a week. Full credit cannot be given the respondent for his deductions for hotel and travel expenses.

The order, of course, should not have been made retroactive. *Commonwealth ex rel. Voltz v. Voltz*, 168 Pa. Superior Ct. 51, 76 A. 2d 464. It, accordingly, will be modified by reducing the amount from $75 to $50 a week, effective December 26, 1950, the date of the order, instead of December 12, the date of hearing.

As modified, the order is affirmed.