Commonwealth ex rel. Cellucci *v.* Cellucci, Appellant.

Argued September 29, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John Edward Sheridan,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

Joseph Cellucci has appealed from the dismissal of his petition to modify an order of support entered March 20, 1950, wherein he was ordered to pay $25 per week for the support of his wife and child. Appellant sought to have his wife removed from the order on the ground that she left the marital domicile without legal justification.

A determination of the wife's right to support culminating in the order of March 20, 1950, is not before this Court. No appeal was taken from that order and is thus res adjudicata as to the wife's right to support at that time. *Commonwealth ex rel. Soprani v. Soprani,* 160 Pa. Superior Ct. 542, 52 A. 2d 234; *Commonwealth ex rel. Spitalny v. Spitalny,* 167 Pa. Superior Ct. 520, 76 A. 2d 489. The petition to modify, the dismissal of which forms the basis of the present appeal, is the third such petition filed by appellant. Two previous petitions were dismissed "without prejudice" for the reason that the court below was attempting to effect a reconciliation. A court-room reconciliation, by way of experiment or trial, was accomplished by BONNELLY, J., on May 10, 1951, and the parties moved into an apartment on June 16, 1951. On August 9, 1951, the relatrix left the common home. No support was paid by appellant from May 10, 1951, until June 16, 1951,

nor was any application made to the court below to vacate the order of March 20, 1950. On this state of the record the burden was upon appellant to establish by credible evidence that the reconciliation was bona fide and that relatrix's withdrawal from the marital domicile on August 9, 1951, was without legal cause or justification. In these circumstances, if the evidence established a bona fide reconciliation and an inadequate legal reason for the wife's leaving, the wife would defeat her right to support. Cf. *Commonwealth v. Bachman,* 108 Pa. Superior Ct. 422, 164 A. 833; *Commonwealth v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266; *Commonwealth ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 229, 57 A. 2d 720. Appellant has failed to meet this burden of proof. The testimony establishes that appellant continued to beat his wife; that he called her names; that he constantly stayed out "until two or three o'clock in the morning"; that on several occasions he "told me to get out, and he knew I was getting out". The court below aptly observed: "We believe the husband's attempt to win his wife's affections and regard once again was not bona fide and intended only to give him another 'chance at bat' in order to provide him with sufficient ground to defeat her right of support. The husband's conduct following the reconciliation was not free from cruelties and indignities upon his wife. On the other hand, the credible evidence points to the wife's good faith in coming back to him in order to try to bring about a permanent and satisfactory reconciliation. No duty or obligation devolved upon her to continue to live with him under the humiliating and cruel conditions he created".

Relatrix had legal and justifiable cause for leaving her husband following their unsuccessful attempt at reconciliation, the bona fides of which the court be-

low found lacking on appellant's part. Relatrix, in these circumstances, of course ". . . need not establish facts which would entitle her to a divorce. It is sufficient if she justifies living apart from her husband for any other reason adequate in law". *Commonwealth ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, at 229, 57 A. 2d 720.

Order affirmed.