Commonwealth ex rel. Rovner *v.* Rovner, Appellant.

Argued September 27, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*William A. Kelley, Jr.,* with him *Samuel D. Goodis,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellant.

*H. N. Fineman,* with him *Morris Passon,* for appellee.

OPINION BY WOODSIDE, J., January 14, 1955:

This is an appeal by the respondent from an order of the Municipal Court of Philadelphia requiring him to pay $15 per week for the support of his wife.

The respondent contends that his wife separated herself from him without adequate legal reason and is thus not entitled to an order. *Com. v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266 (1943).

The trial court found from the evidence that the wife had adequate legal reason to separate from her husband. It thereupon becomes our duty to examine the record to determine whether there is sufficient evidence to sustain the judgment of the trial court or whether it is chargeable with an abuse of discretion. *Com. ex rel. Sosiak v. Sosiak,* 177 Pa. Superior Ct. 116, 111 A. 2d 157 (1955).

The parties were married in 1908 and separated in 1941. After the separation the wife was able to maintain herself for a time by self-employment and subsequently by assistance from her children, particularly a daughter with whom she is now residing. The wife is no longer physically able to work. The daughter is unable to support her because her husband had a heart attack which has affected his earning capacity.

The record indicates that the wife requested the husband to leave the marital domicile because his mis-

treatment of her was having an adverse effect upon her health.

She testified concerning the circumstances leading up to the separation in the following manner:

"He would come in one and two o'clock in the morning, turn on the steam heat and we would have to uncover because it was too hot . . . He wouldn't get up in the morning and go to work like other men . . . The first thing you know I couldn't sleep, my stomach would shake, I would lie awake all night, the neighbors would hear us fighting . . . My health was broken . . . It was contention, contention, contention . . . I couldn't stand the strain. I was just killing myself. You couldn't live with him." He continually complained about the children and called them names.

Finally appellee packed up appellant's clothes and sent them to his office. Although the appellant indicated that he subsequently took his mother to see his wife, the record is bereft of any indication of bona fide activity on his part to effect a reconciliation and this is not only true as of the time of separation but as to the years subsequent thereto.

A voluntary withdrawal of the wife from the husband must, in order to justify the payment of support, be based either upon the consent of the husband or upon adequate legal reason. Conversely, as to the husband, the only reasonable cause justifying his refusal to support his wife is conduct on her part which would be a valid ground for a decree in divorce. See *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 229, 57 A. 2d 720 (1948).

It is the appellant's contention that he left at his wife's request. In *Com. ex rel. Testa v. Testa,* 164 Pa. Superior Ct. 413, 414, 415, 65 A. 2d 257 (1949) we said: "If we accepted appellant's version that he left because his wife requested him to do so, this would

not relieve him of the duty of supporting her; he was under no compulsion to leave." See also *Com. ex rel. Myerson v. Myerson,* 160 Pa. Superior Ct. 432, 434, 51 A. 2d 350 (1947). We find no compulsion here and this separation can be considered no more than a consensual one—therefore the appellant is not relieved of the duty of support.

Furthermore assuming, en arguendo, that this separation was not a consensual one the wife would still be entitled to support since there is evidence to support the lower court's finding "that continued cohabitation would have been injurious to her health. Her health was impaired at the time of the separation." It is well established that ". . . a wife who has withdrawn from the marital domicile, on seeking support is not held to that high degree of proof and need not establish facts which would entitle her to a divorce." *Com. ex rel. Pinkenson v. Pinkenson,* supra, page 229, and the facts as found by the judge of the lower court constituted a "reason adequate in law" for the appellee's separation.

It is further contended by the appellant that even if the appellee had adequate legal reason to separate herself from the appellant, she no longer is entitled to support.

As suggested above a wife who has separated from her husband without adequate legal reason loses her right to support but the "adequate legal reason" for separation necessary to entitle the wife to support need not rise to the level required to entitle her to a decree in divorce. *Com. ex rel. Pinkenson v. Pinkenson,* supra; *Com. ex rel. Berry v. Berry,* 165 Pa. Superior Ct. 598, 69 A. 2d 442 (1949).

The appellant acknowledging this to be the law presents the ingenious argument that if the husband's conduct constitutes a reason adequate in law to per-

mit the wife to separate from him and obtain a support order but is not adequate in law to permit her to obtain a divorce from him, then at the end of two years the wife's right to support ceases because the husband at that time would be entitled to a divorce on the ground of desertion. It is our opinion that if the right to support accrues under the above rule it does not cease at the end of two years.

Nor is it important that the wife delays bringing the action. The mere fact that the wife was able to maintain herself for a number of years and during that time did not demand support from the respondent does not relieve him from the responsibility of supporting her. *Com. ex rel. Berry v. Berry,* supra.

Order affirmed.