## Commonwealth ex rel. Finlayson v. Finlayson

*M. Stuart Goldin*, for petitioner.

*Herman Eisenberg*, for respondent.

BOYLE, J., February 5, 1962.—This is a petition for support filed by the wife petitioner, Mary Finlayson, against her husband, Albert Finlayson, respondent, for support for herself.

The parties were married in Philadelphia on June 29, 1960, and separated in December of the same year, having resided with each other approximately five months.

Petitioner wife testified that the separation was by mutual consent arising from differences involving the mother of defendant.

At the time of the marriage, the parties took up residence in premises 4039 Comly Street. Respondent's mother had resided in this house but had removed therefrom two months prior to the marriage to an apartment above a beauty shop operated by petitioner.

Petitioner testified that "we had a little difficulty because his mother was coming over to the house and practically taking over the place . . . all the other things were just a buildup, but this was like the termination of it, and she told me that was her house." (It was not developed whether she meant that respondent's mother had title to this house or that she merely regarded it as her home because of her prior

residence therein.) Petitioner answered: "I guess I'll have to go back to my place then" and respondent's mother responded, "I guess it would be better." Petitioner continued: "So my husband and I both agreed . . . we were going back to the apartment."

Petitioner removed to the apartment, assuming that her husband would follow her and she was asked: "Didn't he move out with you?" Her answer was: "No, he told me that morning, 'This is the parting of the ways'."

Petitioner moved to the apartment and stated: "I still didn't believe he wasn't coming with me. He just told me he was going to stay with his mother for a while."

Respondent denied that he had deserted petitioner and testified that she left him without reasonable cause.

We felt at the time of the hearing that the differences of this couple were engendered by a well-meaning but overly solicitous mother and aggravated by her intrusions into their affairs. Respondent, who had not previously been married, was apparently torn between the likes and dislikes of his mother and his wife. It was in a somewhat milder degree than usual, the case of the mother-in-law who was probably more devoted to her son than she was to the necessity of preserving neutrality in their differences. Although the testimony does not demonstrate this specifically, we inferred it from the nuances of the situation as we observed them during the hearing.

In Commonwealth v. Henderson, 143 Pa. Superior Ct. 347, the court stated: ". . . It is well established, however, that the only 'reasonable cause' justifying a husband in refusing to support his wife is conduct on her part which would be a valid ground for a decree in divorce: . . ." We do not feel that such conduct or grounds exist in this case. We agree that ". . . a

voluntary withdrawal of a wife from her husband, without adequate legal reason, defeats her right to an order of support . . ." (Commonwealth v. Bachman, 108 Pa. Superior Ct. 422), but such is not the case where, as here, there were sufficient elements of consent of the husband to a separation which the parties agreed was to be temporary, but which respondent chose to make permanent.

Apart from the question of whether petitioner had cause to separate from her husband, there was an effort on the part of petitioner to become reconciled. They were asked at the hearing whether they could not "straighten this thing out" and petitioner testified, "I have been trying to, your Honor . . . Q. Are you willing to go back and live with your husband? A. Yes. Q. Have you been trying to contact him for the purpose of going back with him? A. Yes. Q. Will you tell his Honor what attempts were made? A. I called him on his business phone and I waited outside of his house one day and I saw him getting in his truck and I tried to talk to him."

On the other hand, defendant denied that petitioner offered to return to him. However, we believe that the wife in good faith endeavored to effect a reconciliation, but that the husband repulsed her efforts.

In the Henderson case, supra, it is also stated: ". . . Irrespective of whether the wife was justified in leaving her husband under the circumstances, it is uncontradicted that she offered to return to him and make a home. . . ." Although in this case respondent denied that petitioner offered to return, we accept petitioner's testimony as to this contradiction rather than respondent's.

We come then to the question of the support requirements of petitioner and the ability of respondent to meet such requirements.

Petitioner operates a beauty shop. She submitted a copy of her income tax return which showed an adjusted gross income of $2,482.03 for the year 1960, and that her net income per week was between $45 and $50 per week. She owns a building in which she conducts her business, for which she paid $12,000, but which is subject to a mortgage of $9,000. Her gross rental income from the two apartments in this building is $130 per month, subject to overhead.

Respondent disagreed with her estimate of $45 and $50 per week and stated that her earnings were greater.

As to the net income of respondent, petitioner testified that he had stated to her that his gross income was $15,000 per year. He admitted that "I made $7,700 last year" and his net income for the year 1960 before taxes was "$7,079.23 or something like that." He stated that he was forced to support his mother, although in his testimony he stated that he received some quid pro quo from his mother in consideration of her bookkeeping service in his business.

Under the whole record, we made an order of $15 per week (which in our judgment was nominal) based upon the fact that his net income was at least $7,000 per year. In fixing the amount, we took into consideration that petitioner derived income from her beauty shop, but that this fact, while one of the relevant circumstances, did not deprive her of her right to support by her husband. Commonwealth ex rel. Martocello v. Martocello, 148 Pa. Superior Ct. 40.

We therefore held that plaintiff was entitled to support from defendant.