## Commonwealth ex rel. Groux v. Groux

*Arthur Levy,* for petitioner.
*Theodore S. Melnychuck,* for respondent.

WRIGHT, *J.*, December 8, 1978 — Petitioner (hereinafter referred to as wife) seeks support from respondent (hereinafter referred to as husband).

After a hearing, it was determined that wife was not entitled to be supported by husband. Wife has appealed to the Superior Court of Pennsylvania, hence this opinion.

Wife's attorney was requested, pursuant to Pa.R.A.P. 1925(b), to furnish this court with a statement of the matters complained of on appeal. The statement received from the attorney is:

"It is respectfully submitted that the Lower Court erred in failing to find that Husband/Respondent is liable for the support of Wife/Relatrix."

The parties were married on September 3, 1951 and they separated on October 13, 1977, which separation occurred about 11 months before the hearing.

The parties are the parents of three children, all of whom are now adults.

Wife is employed as a clerk-bookkeeper and lives in the home jointly owned by the parties.

As to the circumstances of separation, wife testified that husband was having financial difficulties because of gambling debts and that for a year he had experienced a problem with alcoholism. He ". . . just picked up a fifth of liquor and left home."

On cross-examination wife testified that she was aware that after the separation husband had completed an alcoholism program and that after completing the program he asked her if he could come back. She was asked how she responded to him and she answered: "I stated no under the circumstances. He had no job, no position, no kind of a salary and the past experience."

She testified that someone had called her about a debt, saying she had signed for a loan, however she

knew she had not signed for any loan. (There was no evidence presented of a forged signature. It would appear that this creditor was trying to bluff her.)

She testified that some time during the separation she had received a $220 check payable to husband from Mutual of Omaha. This check was for sick benefits husband was entitled to on a policy that wife had taken out on him and on which she had paid the premium.

She testified that she was aware that while husband was in the hospital being treated for alcoholism, it was discovered he had diabetes.

Wife testified that when husband's sister went to the home to get his clothing, she (wife) told the sister that husband could not return to the house. She said he could not return because of past experience.

The past experience she mentioned was five or six years ago. She testified that at that time her husband was gambling and indebted; that she ". . . stood by him. I helped him out. I begged and borrowed wherever I could. Everything fell behind. He was out of work. I worked to hold on to the home."

Husband testified that when he left the common abode, he went to his sister's home for three weeks and then entered the "University of Pennsylvania, 46th Street, Alcoholic Rehabilitation Center." While he was being treated for alcoholism, it was discovered he had diabetes. He successfully completed the program and was discharged around November 15, 1977. He goes to the doctor once or twice a week for diabetes and physical therapy and has not had a drink and has not gambled since leaving the hospital. He attends Alcoholics Anonymous once or twice a week.

He testified that when wife told him about the creditor who called, he contacted the creditor. He testified he was the only person who signed for the loan and that the loan was on his automobile. He admitted he used the money for gambling.

He testified that he contacted wife at least three times after leaving the hospital about returning to live with her. (She testified he only contacted her once.) He said she told him that ". . . all she wanted me to do was stay away from the house. She didn't want to be bothered. She didn't want any money." He testified he did not offer to give her money because at the time he was unemployed. He testified he was unemployed for approximately nine months, but is now employed.

He testified that later she said she needed money and that is when he gave her the $240 check from Mutual of Omaha ". . . which I gave to her voluntarily."

On the witness stand he admitted his gambling problem in the past. He said he had not lost any jobs because of gambling but had lost some because of alcoholism. He testified that when living together ". . . the most I was out of work would be eight months in the past."

He testified he is trouble free as to alcohol and gambling and would return to the common home if permitted to do so.

Other than alcoholism and gambling, which of course caused grave financial problems, there is no evidence of any misconduct by husband. We by no means try to minimize the hurt, embarrassment and problems these two things caused wife.

Even though husband had these problems, they did not continually occur during the entire marriage. They occurred, at the most, for short periods

of time, only twice, during a marriage of about 25 years.

We observed husband on the witness stand. We are convinced that he is sincerely sorry for having become addicted to alcohol and gambling and the hurt that it caused his wife; we are convinced that he has done everything possible to overcome those problems and that in the future he will try as hard as possible not to again become addicted to either one. We are also convinced that he sincerely wants to return to live with wife in a proper husband and wife relationship.

It is clear that husband had no reason, because of any action or wrongdoing by wife, that would justify his separating himself from her.[1]

If she had attempted to get a support order immediately after he left, we think that we would have entered an order in her favor.[2]

The real issue in this case is whether or not wife's refusal to permit husband to return to the common domicile now bars her right to support.

A husband is relieved from liability for the support of a wife if he makes a reasonable effort to return to the marital domicile, in good faith, looking forward to resumption of the family relationship. See Com. v. Sincavage, 153 Pa. Superior Ct. 457, 34 A. 2d 266 (1943); Com. ex rel. Lubanski v.

---

1. One could find that he left because he realized his drinking and gambling was or would cause wife's life to be unbearable.

2. However, more and more, it is being recognized that alcoholism is an illness. A husband or wife who leaves the family domicile to conserve or recover his or her health is not guilty of desertion. Gambling is being recognized by many as an illness. Mere drunkenness, no matter how excessive, is not an indignity: Shoemaker v. Shoemaker, 199 Pa. Superior Ct. 61, 184 A. 2d 282 (1962).

Lubanski, 165 Pa. Superior Ct. 603, 69 A. 2d 440 (1949).

It is the hearing judge's duty to investigate the circumstances to determine whether an effort to resume marital relations was made in good faith: Hyle v. Hyle, 188 Pa. Superior Ct. 20, 145 A. 2d 889 (1958).

Where a husband relies upon an offer of reconciliation, broad discretion is lodged in the hearing judge in determining the bona fides of the offer: Com. ex rel. Kenny v. Kenny, 169 Pa. Superior Ct. 152, 82 A. 2d 552 (1951).

There is no evidence whatsoever to indicate that husband's offer to return was not made in good faith. In fact, we find to the contrary.

The first offer was made immediately after he had completed his course of treatment for alcoholism. At the time there had not been any demand on him for support. In fact he testified that wife indicated she did not, at that time, want support. He testified that he asked wife to permit him to return on more than one occasion. True, she testified that he asked her only once. Assuming that he asked only the one time, considering all the other evidence, we would still conclude that his offer was made in good faith. Even at the hearing, husband indicated that he wanted to return to the marital domicile.[3]

Wife says that she refuses to let him return because of past experience. It is true that in certain situations past experience is a valid reason for not resuming cohabitation: Com. v. Sincavage, supra.

In this case there is no evidence of physical abuse, name calling, threats, etc. What is the past

---

3. If this were the only time he made the offer, we might have arrived at a different conclusion.

experience wife is relying on? She testifies it is gambling and alcoholism. This occurred for short periods of time, twice during a marriage of 25 years or so.

Husband, at the time that he separated, entered a hospital and completed a course of treatment for alcoholism and only then did he seek to return to wife. That certainly shows good faith on his part. There is no evidence that after the first occasion of extreme use of alcohol that he entered a course of treatment. He certainly this time realized his problem and tried to do something about it.

The facts in this case do not fall within the orbit of the cases that have held that the wife can refuse an offer to resume marital cohabitation because of past experience. Certainly this man is entitled to another chance.

The hearing judge did not abuse his discretion in refusing to enter a support order.

It was for the above reasons that the support petition was dismissed.