## Miller v. Miller

*John W. Frey,* for plaintiff.
*Janice M. Hawbaker,* for defendant.

WALKER, *J.,* December 9, 1987—The parties to this action are husband and wife. This matter is before the court on the support hearing appeal of plaintiff, Dorothy G. Miller. This court finds that defendant, Patrick L. Miller, shall pay plaintiff support in the amount of $25 per week. This was the

amount stipulated to by the parties in the event that this court should find a duty of spousal support.

A hearing on this matter was held on November 14, 1987, and briefs were subsequently filed. The pertinent facts are now set forth. The parties were married on August 7, 1980. This is not the first marriage for either party. Plaintiff has two children from a prior marriage, ages 16 and 17 years. The marital home is owned by plaintiff's mother, who lived in the house with the parties, and the two children. Marital difficulties began approximately three years ago as a result of defendant's drinking. These marital difficulties reached a zenith on March 13, 1987, when defendant returned home in a drunken condition and an argument ensued. The argument ended by plaintiff asking defendant to leave the marital home, which defendant did. Plaintiff testified that she made this request because defendant drank too much.

On August 18, 1987, plaintiff filed a complaint for support with the Franklin County Domestic Relations Office. A hearing was held on September 23, 1987. The hearing officer then issued an order dismissing plaintiff's complaint for support as the officer determined that plaintiff has requested defendant to leave the marital home. The hearing officer's report was approved by the court on September 24, 1987. On October 5, 1987, plaintiff filed a demand for a hearing, which was held on November 14, 1987, and is the matter presently before the court.

The law is well-settled that when a wife voluntarily withdraws from the marriage without an adequate legal reason her right to support is defeated, unless the husband consented to the separation. *Commonwealth v. Sincavage,* 153 Pa. Super. 457, 34 A.2d 266 (1943); *Commonwealth ex rel. Lebowitz v. Lebowitz,* 227 Pa. Super. 593, 307 A.2d

442 (1973). As counsel state in their briefs, there is little case law discussing spousal support where the spouse seeking support requested the other spouse to leave. However, there are at least two Pennsylvania Superior Court cases squarely on point. *Commonwealth ex rel. Myerson v. Myerson,* 160 Pa. Super. 432, 51 A.2d 350 (1947); *Commonwealth ex rel. Testa v. Testa,* 164 Pa. Super 413, 65 A.2d 257 (1949). Both of these cases focus on the consensual nature of the separation.

The lower court in *Myerson* held that since the wife required her husband to leave the marital home, she was not entitled to support. The Superior Court disagreed. "While it is admitted that the [wife] asked her husband to leave, he was under no legal compulsion to do so." 160 Pa. Super. at 434, 41 A.2d at 351. The Superior Court dismissed the order of the lower court denying the wife support and entered an order granting support to the wife.

In *Testa,* the issue was whether or not defendant was under a duty "to support his wife because she requested or demanded that he should leave" the marital home. 164 Pa. Super. at 414, 41 A.2d at 258. The *Testa* court stated that if defendant "left because his wife requested him to do so, this would not relieve him of the duty of supporting her; he was under no compulsion to leave." *Id.* at 414-15, 65 A.2d at 258. The Superior Court affirmed the order of the lower court granting the wife support.

In the instant case, as in the *Myerson* and *Testa* cases, defendant left the marital home because his wife asked him to do so. Applying the case law, defendant owes a duty of support to plaintiff since he consented to the separation. Indeed, defendant testified at the hearing that he was not interested in returning to the marital home, rather only in obtaining a divorce. As the court finds that defendant

consented to the separation, the court will not address the issue of whether plaintiff had an adequate legal reason for voluntarily withdrawing from the marriage.

Based upon the foregoing discussion, this court finds that defendant has a duty of spousal support to plaintiff in the amount of $25 per week.