Opinion by
 

 Hirt, J.,
 

 The respondent has appealed from an order for the support of his wife entered in a proceeding brought by her under §733 of the Act of June 24, 1939, P. L. 872, 18 PS §4733.
 

 The parties were married in 1920. Children born of the marriage are not involved in this proceeding. Re
 
 *508
 
 spondent established a small retail grocery store in 1923 and, daily for fourteen years, his wife, serving as the only clerk, conducted the business from nine in the morning until seven p.m., when respondent relieved her. She did her housework and cared for her family after returning home from the store. Both of the parties were unusually industrious and frugal. Their savings were substantial. They had accumulated $12,000 in one bank account which required both signatures for withdrawal. There were at least three other bank accounts, with balances aggregating almost $12,000 to their credit, from which either could draw. An automobile which they owned was registered in both their names. They also had acquired title to a double house on Bromley Avenue in Scranton, by entireties.
 

 In February 1949 respondent by acts of personal violence and by unfounded accusations of infidelity, insinuating adultery, forced his wife to leave him. The testimony clearly indicates that her reason for leaving was adequate in law. We need not inquire whether his conduct would entitle her to a divorce, for a wife seeking support is not held to that high degree of proof.
 
 Com. ex rel. Pinkenson v. Pinkenson,
 
 162 Pa. Superior Ct. 227, 57 A. 2d 720. Almost immediately after the separation, respondent set out to appropriate to himself as much as possible of the fruits of their joint earnings. He withdrew at least $6,000 (the court found that he had withdrawn $11,964) from bank accounts on his signature alone. He sold the automobile, signing his wife’s name to the transfer of title, without authority, and kept the proceeds. He leased the one habitable apartment in the Bromley Street property and has been collecting the rents. He sold his entire stock of groceries, closing out the business, and has not given his wife any part of the proceeds of sale. On a showing of these facts the court entered an order directing the respondent
 
 *509
 
 to pay Ms wife |250 montMy for her support. The opinion of the court indicates that the fact that the wife had “an interest equal to that of the defendant” in the funds and property appropriated by him, had much to do with determining the amount of the order. The order obviously was intended to make good to the wife, in some degree at least, her loss from the misappropriation of her interest in property by her husband, in addition to an allowance for her support.
 

 All of the bank accounts were tenancies by the entireties and the funds withdrawn by the husband were impressed in his hands by the entirety provision that they are the property of both. Appropriation by him did not sever the title to the fund.
 
 Madden et al. v. Gosztonyi S. & T. Co.,
 
 331 Pa. 476, 200 A. 624. And it may be that the respondent can be required to account to his wife for the withdrawals made by him. Cf.
 
 Werle v. Werle,
 
 332 Pa. 49, 1 A. 2d 244;
 
 Berhalter v. Berhalter,
 
 315 Pa. 225, 173 A. 172. The court however was without jurisdiction to treat this action for support as one for an accounting also and to enter an equitable order in effect directing the restitution of misappropriated property in installments under the guise of a support order. In an action such as this it is not the prerogative of the court to punish a husband for his misconduct toward his wife nor to divide his estate nor to direct an accounting of funds in which his wife has an interest. Cf.
 
 Commonwealth v. Elliott,
 
 157 Pa. Superior Ct. 619, 43 A. 2d 630.
 

 Ordinarily, an order of support must be based on the husband’s property, income, and earning ability at the time of the hearing.
 
 Com. ex rel. Binney v. Binney,
 
 146 Pa. Superior Ct. 374, 22 A. 2d 598;
 
 Commonwealth v. George,
 
 358 Pa. 118, 56 A. 2d 228. And while the court has a wide discretion in determining the amount of an order, yet the general rule is that an allowance for the support of a wife alone, cannot exceed one-third of the
 
 *510
 
 husband’s net income.
 
 Com. ex rel. Weible v. Weible,
 
 159 Pa. Superior Ct. 290, 48 A. 2d 161;
 
 Com. ex rel. Milne v. Milne,
 
 150 Pa. Superior Ct. 606, 29 A. 2d 228. However, a husband cannot escape liability for the support of his wife merely by withdrawing from every income producing endeavor. In determining, therefore, what a husband reasonably should pay for the support of his wife the court may consider the earning power of the husband and is not restricted to the amount of his actual earnings.
 
 Com. ex rel. Wieczorkowski v. Wieczorkowski,
 
 155 Pa. Superior Ct. 517, 38 A. 2d 347;
 
 Com. ex rel. Testa v. Testa,
 
 164 Pa. Superior Ct. 413, 65 A. 2d 257.
 

 The order, as to the amount fixed by the court, is not sustained in this record. And here, as in
 
 Com. ex rel. Martocello v. Martocello,
 
 148 Pa. Superior Ct. 40, 24 A. 2d 712, there is nothing in the opinion of the court below indicating how the order of $250 per month was arrived at. Orderly procedure in this case indicates the necessity for additional testimony as to respondent’s actual income, or his earning power in terms of potential income, and the entry of an order, reasonable under all of the circumstances, based upon specific findings from that testimony.
 

 The order is reversed and the record is remitted for further proceedings consistent herewith.