## Commonwealth ex rel. Wills *v*. Bonetti, Appellant.

336

Argued June 10, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*E. B. Bergman,* with him *Mitchell S. Lipshutz,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION PER CURIAM, September 16, 1959:

The parties to this action are divorced and both have remarried. An order requiring the respondent to pay $45 per week for the support of his three minor children was entered by agreement of the parties on October 22, 1954. The respondent has admitted: "The $45 a week is a fair amount to pay. I have never objected to that." The children admittedly have been well cared for in the home of their mother, the relatrix, and her present husband. This appeal is from an order of the lower court dismissing respondent's petition to suspend, temporarily, payments on the order, and to abate and remit the arrears, under the Act of June 19, 1939, P. L. 440, 17 PS §263.

In an exhaustive opinion, of 29 printed pages, Judge GILBERT has patiently reviewed the facts in detail. In substance the respondent alleged that his contracting business has failed, with liabilities far in excess of his assets. He says that his effort has been to reestablish his business and that in the interim he will be unable to pay anything. Thus he would shift to the relatrix and her husband the burden of supporting his children until such time as he will find it convenient to resume current payments.

The order will be affirmed on the following excerpts from the opinion of the court below: "Our refusal to grant the petition is based on his financial means and potential earning capacity, obvious to us as we observed and listened to him in court, and his evident lack of good faith in presenting his plea of inability to pay." "This case has been before our court 26 times. There have been 10 hearings in the case in open court. At various times there have been 13 orders, 8 continuances and five bench warrants together with several more formal orders. The present makes the second opinion written in the case. According to the record, the four other judges of this court, upon whose lists this case

has appeared at different times, have taken the same dim view of defendant's protestations of poverty as the writer does. The present petition was sworn to August 5, 1958, allowed for hearing August 13, 1958, and filed with our clerk August 14, 1958. In it defendant says that 'for a considerable time the business has been steadily failing until it is now insolvent and has been discontinued altogether.' It is a significant circumstance that despite all the numerous steps taken in this case, including many attachment hearings, at no time has defendant asked this court to reduce the amount of the order. All he has done is to resist payment until faced with jail, when he seems to be able to raise substantial sums of money on short notice." "At the last hearing before the writer on December 12, 1958, 167 pages of testimony, including 10 exhibits, were taken. In our opinion defendant's testimony at this, as well as prior hearings, is replete with evasions, irrelevancies, irresponsive answers and falsehoods, intended to divert our attention from the real issue in the case, which we believe is to evade payment of this order and cast upon the step-father the burden of supporting defendant's children. We are sure defendant has not provided us with the whole truth and nothing but the truth." "On October 14, 1955, defendant appealed to the Superior Court from an order to pay $945 of arrears or suffer imprisonment for three months. A supersedeas bond of $1,000 was allowed and filed by his sister, Mary J. Bonetti. Judgment of non pros for failure to prosecute the appeal was entered March 27, 1956. In his opinion sur this appeal, our Judge O'DONNELL said, 'We are convinced that the failure of the respondent to comply with the order of support is willful and deliberate.' This whole record portrays a studied purpose on the part of defendant by every device available to him to delay payments under this support order as long as possible, and to make them, often in large lump sums, only

to keep out of or to get out of jail. Of the $9,675 which has accrued on this order since its entry to the date of the last hearing, defendant has paid in weekly, direct, and compulsory payments, a total of $8,145, and owed at the last hearing a balance of $1,530. He protests that others are raising the funds he needs to make payments on his arrears. We believe the direct or ultimate sources of such funds are his business, his investments, his property, and his income and earnings."
"This defendant is a strange mixture of attitudes. He brags about his accomplishments in the construction business almost in the same breath with which he says it is a failure and on the verge of bankruptcy. He boasts about his own ability and efficiency in all phases of this work, while at the same time protesting his inability to make enough money in it to support his own children. *He nowhere says he has been unable to support himself and his present wife.*" (Italics added).
"After a careful examination of this entire record, the only facts that emerge clearly are the resistance the defendant has offered to the payment of this support order, the absence of any meritorious defense to it, and his ability to come up with substantial sums when threatened with jail." "The record discloses no evidence that a voluntary or involuntary petition in bankruptcy has been filed, or that an assignment for the benefit of creditors has been made, or that such steps have been threatened, or that any steps whatever have been taken to liquidate the business and its assets." "Virtually every time this matter has been before this court we have been told in effect that defendant is still 'trying desperately to straighten out his affairs, but to date has not achieved any success in that direction,' to quote him. Or to use a phrase frequently employed by both defendant and his counsel, defendant has been trying now for some years to 'pull out of' his personal business depression, without success so far. Nor does there ap-

pear anywhere in this record any reason or explanation for a failure of defendant's business enterprises. There is no allegation that there is a depression or recession in his line of business, or lack of demand for its products or services, or that he is in poor health. On the contrary, there is no reference whatever to these subjects anywhere in this record."

The issues were all factual and the lower court properly concluded that the respondent could not escape liability for the support of his children *at their expense* by concentrating his energies on the revival of a defunct business. Cf. *Commonwealth v. Gleason,* 166 Pa. Superior Ct. 506, 72 A. 2d 595. The credibility of the respondent was for the trial judge (*Com. ex rel. v. Wieczorkowski,* 155 Pa. Superior Ct. 517, 38 A. 2d 347) and on the present record the lower court cannot be charged with an abuse of discretion in finding that defendant has sufficient resources in property and in earning power to comply with the order. Cf. *Com. ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 115 A. 2d 892.

Order affirmed.