Opinion by
Watkins, J.,
This is an appeal from an order of the County Court of Allegheny County adjudging the appellant husband, Paul H. Barges, guilty of nonsupport and directing him to pay the sum of $130 per month for the support of his wife, Ethel H. Barges.
The husband does not complain of the amount of the order and the basis of this appeal is his contention that his wife left him without legal justification and without his consent, so that no order of support could be properly made.
The parties were married on November 13, 1943 and lived together until the wife left on September 28, 1962. One daughter, now 19 years of age, was born of this marriage and continues to reside with her father. .
. The record shows that shortly after 1951 the husband began drinking to excess; that this caused .her to become nervous and upset and destroyed the harmony of the household. He was constantly under the influence of alcohol. He joined Alcoholics Anonymous in 1960 and curbed his drinking but became belligerent and moody. She testified that from about May, 1962 until she left him they lived in the same house under the following circumstances: “. . . Prom that day on, we never said a word to each other, We were living in the same home, slept in the same bedroom but had no marital relations. The only time or any time he wanted to talk to me, he would leave me notes. If I got ’phone calls, he would write notes who called and Who I was to call back. There was never any mouth-to-mouth explanation for anything.” She testified that he didn’t talk to her except to scold her or say something nasty; that he asked her to leave repeatedly; that he was stingy so that she had insufficient clothing; that he purchased and had delivered to their home obscene films and slides which he solitarily viewed in the basement; and that he struck her occasionally.
*332 We have held that where a wife withdraws from the marital domicile the burden is upon her to establish that her husband’s conduct justified her leaving him or that he consented to the separation in order to entitle her to support. She need not establish facts which would entitle her to a divorce; it is sufficient to justify a living apart if she shows an adequate reason in law. Com. v. Sgarlat, 180 Pa. Superior Ct. 638, 121 A. 2d 883 (1956); Com. ex rel. Brown v. Brown, 195 Pa. Superior Ct. 324, 171 A. 2d 833 (1961).
The only legal ground that would justify a refusal by a husband to support his wife is conduct on her part which would be valid grounds for divorce. Com. ex rel. Reddick v. Reddick, 198 Pa. Superior Ct. 111, 181 A. 2d 896 (1962).
In support proceedings the function of the appellate court is to determine whether there is sufficient evidence to sustain the court below or whether the court below was guilty of an abuse of discretion. Com. ex rel. De Cristofano v. De Cristofano, 193 Pa. Superior Ct. 574, 165 A. 2d 105 (1960).
In this case the wife has amply sustained her burden to justify her leaving and the court below did not abuse its discretion in entering an order. The court below had the opportunity to observe the principals in action and its determination of credibility deserves great weight by the appellate court. The court said: “We are inclined to give more credit to the testimony of the relatrix than to that of the defendant. She impressed us as a truthful individual who made no attempt to exaggerate her situation.”
With credibility resolved in her favor she fulfills her burden not only by having adequate cause to justify living apart from her husband but, if we believe her testimony, he constantly requested her to leave which amounts to a desire for and a consent to the separation. A careful reading of this testimony, when *333 credibility is resolved in favor of the wife, would support a finding that her husband’s conduct rendered her condition intolerable and her life burdensome. The court below found no misconduct by the wife.
We also agree with the court below that: “There is implicit in the decisions in the cited cases the wise public policy that where there are reasonable legal grounds justifying a wife’s decision to separate from her husband, although possibly falling short of the minimum ground for obtaining a divorce, the husband should be required to support her where he is able to do so, lest she become a charge upon society in general.”
Order affirmed.