## Commonwealth ex rel. Raitt *v.* Raitt, Appellant.

Argued March 17, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*I. Raymond Kremer,* with him *Marvin D. Wein-traub,* for appellant.

*Joseph Alessandroni, Jr.,* for appellee.

OPINION BY WOODSIDE, J., April 14, 1964:

When the appellant and his wife separated, he entered into an agreement with her to pay $75 per week for the support of their child born August 8, 1959. A court order was entered for this amount in the County Court of Philadelphia on May 2, 1962. As he was earning only $140 gross per week as a pharmacist, the order was high, and he soon fell behind in his payments. On September 18, 1963, he filed a petition to modify or vacate the order and to remit the arrearage. The court below reduced the order to $50 per week and directed a payment of $25 per week on the arrearage which he set at $920 after remitting a small part of it. The petitioner-father appealed.

At the time of the hearing before Judge PIEKARSKI on the petition to reduce the order, the appellant's salary had increased from $140 to $150 gross per week. As the original order was entered by agreement without testimony and was unquestionably high, the court

was justified in examining the entire situation and was not limited to considering only the changed circumstances.

The appellant holds not only a Bachelor's and Master's Degrees, but also a Doctorate in Pharmacology. The court below stated in its opinion: "We do not accept the argument that he has tried for additional earnings. His attempts are not commensurate with the status he has himself set . . . . We have not been shown any reason why pharmaceutical and research companies cannot use this man with his post-graduate degrees and why he should stay as an ordinary pharmacist in a pharmacy . . . . We are satisfied that petitioner-father's actual income is not commensurate with its actual potentiality; it is not realistic. We do not accept his statements of earnings as the equivalent of his earning power: Commonwealth ex rel. Litz v. Litz, 190 Pa. Superior Court 310."

The court below was correct in considering the earning *capacity* of the defendant. Usually a defendant's earnings represent his earning capacity, but this is not always true and where the court is justified, as here, in finding that the defendant's earning capacity exceeds his earnings, the amount of the order should be determined on the basis of earning capacity. *Commonwealth ex rel. Hoffman v. Hoffman,* 184 Pa. Superior Ct. 500, 502, 135 A. 2d 822 (1957).

The original agreement between the defendant and his wife can be considered along with all the other circumstances in determining the amount of the order. *Hecht v. Hecht,* 189 Pa. Superior Ct. 276, 150 A. 2d 139 (1959). The appellant is making no payments for the support of his wife with whom the child is residing, and none has been sought by her. With only two small payments to be made on his 1960 Chevrolet, he traded it for a new Sunbeam Alpine automobile at a time when he was not paying the court order.

It is within the discretion of the trial court to determine under all the circumstances what is just and equitable to the child and to the father. *Commonwealth ex rel. Silverman v. Silverman,* 180 Pa. Superior Ct. 94, 98, 117 A. 2d 801 (1955). We find no abuse of discretion in this case.

Order affirmed.