Commonwealth ex rel. Tizer, Appellant, *v.* Tizer, Appellant.

Argued March 21, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Sidney M. DeAngelis,* with him *Bean, DeAngelis, Tredinnick & Giangiulio,* for relatrix.

*Samuel Kagle* and *Jack A. Rounick,* with them *Oscar Brown,* and *Moss, Rounick and Hurowitz,* for defendant.

OPINION BY CERCONE, J., June 13, 1969:

This case comes to us on appeal from an Order of the Court of Quarter Sessions of Montgomery County dated November 6, 1968, effective July 18, 1968, directing William Tizer to pay his wife nine hundred ($900.00) dollars per month for her support and to replace her automobile with a new model. Both sides appealed the Trial Court's decision.

The parties were married in 1942 and have three sons, the oldest is twenty-four years of age and a college graduate, the middle child is nineteen and the youngest thirteen years old. Mr. Tizer is approximately forty-eight years of age and Mrs. Tizer is approximately forty-six. Mr. Tizer is in the floor covering business, operating under the name of Royal Tile Company.

Following their marriage, the parties lived together continuously for twenty-two years. Then, in 1964 and again in 1965, Mr. Tizer separated from his wife for two short periods. On March 14, 1966, Mr. Tizer separated himself a third time from his wife and set up separate living quarters. Mrs. Tizer filed a Petition for Support and, after hearings beginning October 18, 1966, the Court on March 22, 1967 ordered Mr. Tizer to pay to his wife the sum of two hundred and thirty ($230.00) dollars per week for her support and the support of their two minor children and to replace her 1964 automobile with a new model.

Prior to that initial hearing of October 18, 1966, counsel for Mrs. Tizer served on Mr. Tizer a subpoena duces tecum to produce certain documents regarding his personal and corporate financial affairs. At this hearing, however, counsel for Mr. Tizer succeeded in prevailing upon the Court that it was not necessary to make such a financial inquiry since his client was willing to pay his wife any amount the Court ordered based upon her needs. That Order of March 22, 1967 was never vacated and remained in effect although William Tizer returned to the family residence on May 12, 1967, thus ending the third separation of fourteen months duration.

In March of 1968, while the parties were still living together, William Tizer filed a Petition to vacate the Order of March 22, 1967. Mrs. Tizer filed an Answer to this Petition, asserting that the Order should not be vacated, and also filed a Cross-Petition to increase the original Order. Hearings on these Petitions were held before the Honorable Judge VOGEL beginning in May of 1968, while the parties were still living together. On May 27, 1968, two weeks after the trial began, Mrs. Tizer left the marital domicile and the hearings continued throughout the better part of 1968, resulting in the Order of November 6, 1968 of nine hundred ($900.-00) dollars per month and a new model automobile, from which both parties appealed.

The Appeal of Mildred Tizer is based on two contentions: (1) that the Trial Court erred in not inquiring into her husband's income and assets before entering the support order; and (2) that the Trial Court abused its discretion in not awarding an amount of support based on the high standard of living to which the parties were accustomed prior to their separation.

The Appeal of William Tizer is based on several grounds: (1) that the Trial Court should have decided the ultimate support award de novo without ref-

erence to evidence in the original 1966 hearings which resulted in the March 22, 1967 Order of two hundred thirty ($230.00) dollars per week for wife and children plus a new automobile, since he had resumed the family relationship between the date of that Order and the Order of November 6, 1968, directing payment to Mrs. Tizer of nine hundred ($900.00) dollars per month and a new automobile; (2) that his wife did not have adequate legal grounds to separate from him and thus is not entitled to support; and (3) that the Court lacked jurisdiction to compel him to replace his wife's automobile.

We must agree with the first contention of the wife that the trial court erred in not inquiring into the income and assets of her husband before determining the amount of the November 6, 1968 Support Order. This Court has repeatedly stated that the purpose of a support order is to secure such an allowance to the wife and/or children as is reasonable, having in mind the husband's property and earning capacity and the station in life of the parties. *Markley v. Markley,* 207 Pa. Superior Ct. 294; *Commonwealth ex rel. Ross v. Ross,* 206 Pa. Superior Ct. 429; *Commonwealth ex rel. Kallen v. Kallen,* 200 Pa. Superior Ct. 507; *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa. Superior Ct. 115; *Commonwealth ex rel. Warner v. Warner,* 194 Pa. Superior Ct. 496. The husband's ability to pay or capacity to earn is an important criterion in the determination of the amount of support to be paid. *Commonwealth ex rel. Mass v. Mass,* 170 Pa. Superior Ct. 545. In a very recent case of *Commonwealth ex rel. Gitman v. Gitman,* 428 Pa. 387 (1967), the Supreme Court stated that: "The function of a Court in a proceeding for support is not to punish a husband for misconduct but to fix an amount which is 'reasonable and proper for the comfortable support and maintenance of . . . [his] wife.' *Commonwealth ex rel. Milne*

v. Milne, 150 Pa. Superior Ct. 606. In determining the appropriate amount of the Order the Court is not restricted to the husband's actual earnings but may also consider his earning power, McMahon v. McMahon, 167 Pa. Superior Ct. 51; Commonwealth v. Gleason, 166 Pa. Superior Ct. 506; and the nature and extent of his property and other financial resources. Commonwealth ex rel. Rankin v. Rankin, 170 Pa. Superior Ct. 570, 572."

An accurate determination of a husband's ability to pay is often difficult for a court to achieve. Many times the evidence pertaining to this phase of a support case is based on probabilities and eventualities and the court is left with the unenviable task of attempting to make a fair estimate of the husband's ability to pay. But, where there is evidence of ability to pay, the court can predicate a support order upon it. In the instant case, however, no testimony concerning the husband's earnings, earning capacity and assets was received in evidence, and the order of support could only have been premised on a conjectured ability to pay. This procedure, if allowed to be considered as a valid method of determining the amount of a support order, would lead to highly unsatisfactory results. In the absence of evidence of ability to pay, orders of support could be highly over-estimated or vastly undervalued and bring about serious economic hardship to one of the parties. We do not approve of this procedure. Nor does a husband's agreement to pay for his wife's needs obviate the court's duty to hold a full and detailed hearing concerning husband's ability to pay, as her "needs" must be determined in relation to the husband's ability to pay. Accordingly, we remand this case for such an inquiry by the lower court.

Mr. Tizer contends that the trial court should not have considered evidence presented at the original 1966 support hearings, but, should have heard the matter de

novo since the family relationship was resumed between the date of the original support order of March 22, 1967, and the November 6, 1968 Order now under consideration. This contention would have merit if the parties had remained together, and, in that event, the court could properly have granted the husband's Petition to vacate the Support Order of March 22, 1967. See *Commonwealth ex rel. Glenn v. Glenn*, 208 Pa. Superior Ct. 206. However, here the parties were again separated and were again before the court, and the evidence as presented in the original 1966 hearings was properly received by the court in the later hearings where no objections were made on proper evidentiary grounds and where no change in circumstances was shown. An agreement between the counsel for the parties that this matter was to be considered as though a new petition had been filed did not affect the admissibility of this evidence. Cf. *Commonwealth ex rel. Amoroso v. Amoroso*, 212 Pa. Superior Ct. 94.

We find no merit in the husband's complaint that Mrs. Tizer did not have adequate legal cause to separate herself from her husband which entitled her to support from him. We have held on numerous occasions that where a wife withdraws from the marital domicile, the burden is upon her to establish that her husband's conduct justified her leaving him or that he consented to the separation in order to entitle her to support. It is not necessary, however, that she establish facts which would entitle her to a divorce. It is sufficient to justify a living apart if she shows an adequate reason in law. *Com. ex rel. Ross v. Ross*, 206 Pa. Superior Ct. 429; *Com. ex rel. Darges v. Darges*, 202 Pa. Superior Ct. 330; *Com. v. Sgarlat*, 180 Pa. Superior Ct. 638; *Com. ex rel. Brown v. Brown*, 195 Pa. Superior Ct. 324. As summarized by this Court in the *Darges* case, supra, "There is implicit in the decisions of the cited cases the wise public policy that where there are reasonable

legal grounds justifying a wife's decision to separate from her husband, although possibly falling short of the minimum ground for obtaining a divorce, the husband should be required to support her where he is able to do so, lest she become a charge upon society in general."

In the instant case we do not find any abuse of discretion by the lower court in finding that Mrs. Tizer had adequate reason in law to terminate the marital cohabitation.

We see no error for a court, in a proper case, in addition to fixing a monthly or weekly monetary support order, to also require the husband to purchase a new model automobile of the kind and make to which the wife is accustomed to driving. There is no difference between such an order and one where the court, in addition to the monthly or weekly support order, decrees that the husband pay taxes, insurance and mortgage such as in *Commonwealth v. Miller,* 202 Pa. 573 at 579 and in *Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa. Superior Ct. 401, wherein the court stated (p. 412) : "Although the taxes and insurance may vary, the payments are fairly constant. It is often advisable to direct such payments as a part of the order, and it is frequently done by the courts below. We have approved these orders. Commonwealth v. Dougherty, 187 Pa. Superior Ct. 499, 511, 144 A. 2d 521 (1958)." The Order regarding the purchase of a new automobile, which is sufficiently described in the order, is definite and is not subject to the criticism that any delinquency regarding such purchase is difficult to ascertain. The test in every case, as already discussed, is whether or not the order for the comfortable support and maintenance of the wife is reasonable and proper based on the husband's earnings, earning power and the nature and extent of his property and other financial resources: *Commonwealth ex rel.*

452

*v. Gitman,* supra. It is within the court's discretion to determine whether or not the monthly or weekly monetary support award is sufficient to take care of an extraordinary item of expense or whether such an item should be included in addition thereto, provided it is of determinate amount and particularly identified and described in the order.

Order reversed, case remanded for further proceedings consistent with this opinion.

MONTGOMERY and HOFFMAN, JJ., concur in the result.

JACOBS, J., dissents.