Commonwealth ex rel. Johns, Appellant, *v.* Johns.

Argued April 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Henry M. Ekker,* with him *Cusick, Madden, Joyce & McKay,* for appellant.

*William D. Irwin,* for appellee.

OPINION BY WATKINS, J., September 19, 1973:

This is an appeal from an order of the Court of Common Pleas of Mercer County by the appellant-wife, Margaret S. Johns, denying a petition to increase a support order on her husband-appellee, Raymond H. Johns, because of alleged changed circumstances.

The parties were husband and wife who were divorced in June, 1968. There are two children of the marriage, a son, Curtis, age 14; and a daughter, Barbara, age 9. Curtis is in the custody of the father and Barbara resides with her mother. At the time of the divorce, the parties entered into a support agreement whereby the father agreed to pay the sum of $162.50 monthly for Barbara. He also agreed to pay $670.00 per month for the support of his wife which he is no longer obligated to pay. Both have remarried.

The matter first came to the court on a petition for the support of the minor child, Barbara, in January, 1972, and after a hearing, the court entered an order for support of $162.50 for the child, the same amount provided in the original agreement. There was no appeal from this order and on March 2, 1972, two months after the original order, this petition was filed seeking an increase on the ground of changed circumstances. The court below found no such change in circumstances and denied the petition. It is evident that the appellant was using the petition as a substitute for appeal.

The husband in this case is an anesthesiologist at the Shenango Valley Osteopathic Hospital and his earnings are approximately $62,000.00 per year. However, he is a dismal financial failure as he has present debts amounting to $98,243.51 and it seems probable that the appellee and his family lived extravagantly. Since the hearing in January, he had an additional debt of $6,-000.00 as a result of income tax audits. As the court below said: "It was the feeling of the Court that it would be several years before Dr. Johns could reduce

his debts to the point where he would have some net worth and that until that time arrived the creditors had the right to expect payment rather than see funds channeled to the child in excess of what the child would need to live a normal life." It was this reasoning that led the court to fix the original order which, as has been indicated, was not appealed.

There is no change in circumstances since the original order, in fact, his financial situation has worsened. The petitioner contends that the child's standard of living should be commensurate with her father's financial position and contends that *Commonwealth ex rel. Gitman v. Gitman*, 428 Pa. 387, 237 A. 2d 181 (1967) supports this position. However, the husband in *Gitman*, supra, was financially sound, while this husband is at present a financial failure. It is established that orders of support from the court below will not be modified on appeal except for manifest abuse of discretion. *Commonwealth ex rel. Raitt v. Raitt*, 203 Pa. Superior Ct. 226, 199 A. 2d 512 (1964). We find no abuse but in this case particularly as the wife did not appeal the original order, but chose to petition the court for an increase claiming changed circumstances justified an increase. The court properly found that there was no change and did not abuse its discretion in so finding.

It might be pointed out that the court below carefully explained the temporary nature of support orders and indicated in his opinion that she may request a review at any time if the financial position of the husband changes for the better.

Order affirmed.