Commonwealth *v.* Testa, Appellant.

Argued November 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Milton D. Rosenberg*, with him *W. Bryan Pizzi, II, I.C. Bloom*, and *Bloom, Bloom, Rosenberg & Bloom*, for appellant.

No argument made nor brief submitted for Commonwealth, appellee.

OPINION BY JACOBS, J., April 3, 1974:

This is an appeal by a husband from a support order in favor of the wife in the amount of $140 per month. The only issue before us is whether there was sufficient evidence to sustain the lower court's order.

In August 1972, Teresa Testa, the wife, brought the present support action against Victor Testa, her husband.[1] Prior to separation, which apparently occurred in early 1972,[2] the parties had operated a small grocery store as a partnership. After the separation, the husband continued to operate the store. At the hearing in the court below, the following facts were revealed: the wife owned the building in which the store was located; she also had in her own name bank deposits of over $28,000; the wife's income from the deposits amounted to $1,263 in 1971; federal income tax returns demonstrated that the store operated at a profit of

---

[1] This action was brought under §733 of the Act of June 24, 1939, P. L. 872, *as amended*, 18 P.S. §4733, *repealed*, Act of December 6, 1972, P. L. 1482, No. 334, §5, *eff.*, June 6, 1973. For a successor provision see §4322 of the Crimes Code, Act of December 6, 1972, P. L. 1482, No. 334, §1, 18 Pa. C.S. §4322.

[2] The record in this case does not reveal exactly when the parties separated.

$5,380 in 1971, but at a loss of $3,295.95 in 1972; the wife received $914.55 in groceries from the store in 1972; and the husband had paid her $50 a week for 8 weeks after their separation.

On the basis of these facts, the lower court ordered the husband to pay $140 per month in support to his wife.[3] The function of our Court in reviewing this support order is to determine whether there was sufficient evidence to sustain the order of the hearing judge. *Commonwealth ex rel. Shapiro v. Shapiro*, 204 Pa. Superior Ct. 135, 203 A.2d 369 (1964).

Although the husband's business apparently suffered a loss in 1972, his obligation to support his wife still remained. One cannot avoid support by staying with a losing business. *Commonwealth ex rel. Wills v. Bonetti*, 190 Pa. Superior Ct. 335, 154 A.2d 404 (1959). Many times we have said that the court may have to consider the *earning power* of the husband rather than his actual earnings. *Commonwealth ex rel. DiSanti v. DiSanti*, 221 Pa. Superior Ct. 435, 293 A.2d 115, *allocatur refused*, 221 Pa. Superior Ct. *xliv* (1972). At the hearing, however, there was no evidence regarding the husband's earning power. Nor was there testimony to show that the husband had any assets. For our Court to sustain a support order, there must be sufficient evidence of the husband's ability to pay. The court below cannot base its decision on a conjectured ability to pay. *Commonwealth ex rel. Tizer v. Tizer*, 214 Pa. Superior Ct. 444, 257 A.2d 683, *allocatur refused*, 214 Pa. Superior Ct. *xli* (1969).

While the record reveals that the husband had earnings from the store in 1971 and paid his wife $50 a week for 8 weeks in 1972, these facts are not determinative

---

[3] The lower court's opinion did not indicate how it arrived at the amount of $140. This complicated the review of the case by our Court. *See Commonwealth v. Gleason*, 166 Pa. Superior Ct. 506, 72 A.2d 595 (1950).

of the instant case. The court may ordinarily only make support orders based on a husband's property, income, and earning ability *at the time of the hearing,* not on what they may have been in the past. *Commonwealth v. Gleason,* 166 Pa. Superior Ct. 506, 72 A.2d 595 (1950) ; *Commonwealth ex rel. Fort v. Fort,* 124 Pa. Superior Ct. 151, 188 A. 416 (1936). Here, the only evidence of the husband's financial status at the time of the hearing was that his business was operating at a loss. Since the support order was not based on any evidence of the husband's *present* ability to pay, it cannot be sustained.

Order reversed and record remitted for further proceedings consistent with this opinion.