410 A.2d 1280

**COMMONWEALTH of Pennsylvania ex rel. Dorothy Frances DAUBERT**

v.

**George Wade DAUBERT, Appellant.**

Superior Court of Pennsylvania.

Argued June 6, 1979.

Filed Sept. 28, 1979.

Petition for Allowance of Appeal Denied Jan. 16, 1980.

William R. Mosolino, Orwigsburg, for appellant.

Lester Krasno, Pottsville, filed a brief on behalf of appellee Dorothy Frances Daubert.

Before PRICE, GATES * and DOWLING,* JJ.

DOWLING, Judge:

This is an appeal from the lower court's order dismissing appellant's petition for modification of a support order directing appellant to pay the sum of $150.00 per week to his wife.

At the time the original order of support was entered, appellant was employed as the president and general mana-

---

\* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

ger of a small cable television operation, of which he was and still is a major shareholder. The primary basis for appellant's petition praying for a modification of the support award is that he has been dismissed from the above position, resulting in a claimed reduction in gross income from $32,500 to $18,000, plus benefits.

The lower court found it noteworthy that appellant remained one of the two largest shareholders in the company, and indeed continued to be employed therein as vice president and director. Viewed in conjunction with other suspicious circumstances surrounding appellant's dismissal, and in light of appellant's admitted recalcitrance in honoring his support obligations, the lower court was persuaded that the appellant's claim was a calculated maneuver intended to create the appearance, without the underlying reality, of a severe reduction in earnings. The lower court was further convinced of the meritless nature of appellant's petition by the apparent maintenance of his standard of living notwithstanding his purported loss of income. Appellant's position was not so serious as to require him to sell any of his five automobiles, or his half interest in two racehorses, or his property in the Pocono Mountains resort area, or his camper and boat. Moreover, appellant enjoyed a diminution in expenses since the initial support order was entered by reason of his dependent daughter's graduation from college. Accordingly, the lower court concluded on the basis of the testimony presented and its prerogative to assess credibility that the appellant's earnings and/or earning power had not been substantially diminished.

■ Appellant disputes this conclusion on two grounds. First, it is asserted that the factual findings reached below were not substantiated by the evidence adduced at trial. Having undertaken an independent review of the record of the proceedings below, we are unable to say that the lower court's determinations were so "manifestly unreasonable" as to constitute a reversible abuse of discretion. *Commonwealth ex rel. Levy v. Levy*, 240 Pa.Super. 168, 361 A.2d 781 (1976).

Second, insofar as the lower court's decision was based on a consideration of appellant's earning power, as distinguished from actual income, appellant submits that such order was grounded impermissibly on a conjectured, as opposed to real, ability to pay. *Commonwealth v. Testa*, 226 Pa.Super. 585, 323 A.2d 199 (1974). It is fundamental that in arriving at the one-third computation utilized in awarding support payments, a court is entitled to consider the earning power of the husband rather than his reported or actual income. *Drummond v. Drummond*, 414 Pa. 548, 200 A.2d 887 (1964) (citing cases). We are satisfied that the evidence amply supports the lower court's determination that the appellant's earning power, notwithstanding any nominal decrease in salary, renders the amount of the support order compatible with our one-third rule and that the appellant has sufficient ability to comply with that order. *Commonwealth ex rel. Kolbe v. Kolbe*, 186 Pa.Super. 256, 259, 142 A.2d 365, 367 (1958).

Order affirmed.