419 A.2d 165

**COMMONWEALTH of Pennsylvania ex rel. Mary A. WEINFURTER**

v.

**George J. WEINFURTER, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed March 21, 1980.

200

George J. Weinfurter, appellant, in pro. per.

Nicholas J. Emper, Media, for Commonwealth on behalf of Mary A. Weinfurter, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Delaware County by the appellant, George J. Weinfurter, after the court below refused to credit him with the sum of $3048.94 as a payment towards his support order.

Appellee and appellant were husband and wife. They have two children. The appellant obtained a Delaware divorce from appellee on October 12, 1977, the parties having separated in May of 1976, when appellant left the marital abode in Delaware County and moved to the State of Delaware. On March 2, 1977, the Delaware County Court entered a support order against the appellant directing him to pay the sum of $250.00 per week for the support of his wife and children. The sum of $110 per week was for his wife and the sum of $140 per week was for the two children. Appellant fell behind in his support payments and accumulated arrearages in the amount of $1798.94. On September 27, 1977, appellant cashed a $5,000 certificate of deposit held by the parties in both names. The certificate of deposit was held in the Delaware Trust Company and was worth $6097.88 when it was cashed. On November 14, 1977, appellant paid $3048.94 to the Domestic Relations Office of Delaware County. Pennsylvania as a support payment. This is one–half of $6097.88. On March 23, 1978, appellee filed a petition in the Delaware County Court requesting the court to disallow the $3048.94 as a support payment since it was paid by appellant with appellee's one–half share of the certificate of deposit. On July 11, 1978, the court below granted appellee's request, ordered the sum of $3048.94 deducted from appellant's record of support payments, and held him in contempt of the March 2, 1977 court order. Appellant subsequently purged himself of the contempt but appealed the court's decision disallowing the $3048.94 as a support payment.

Appellant's argument is that the Pennsylvania court, in disallowing the $3048.94 as a support payment, is attempting to facilitate a distribution of the parties' marital property over which it did not have jurisdiction since the account was held in the State of Delaware. Appellant argues that the Delaware Court has already ordered a division of the parties' marital property and that the certificate of deposit was one of a number of joint assets awarded to him. With this contention we disagree. The Delaware Court Order which distributed various joint assets was dated October 24, 1978. The appellant cashed the joint certificate of deposit on September 27, 1977 and paid one–half of the proceeds thereof to the Domestic Relations Office of Delaware County, Pennsylvania on November 14, 1977. This was long before the October 24, 1978 order and a reading of that order reveals that it makes no mention of this particular item whatsoever. Therefore, it is apparent that the Delaware Court Order is not determinative of this issue.

Appellant's argument that the Delaware County Court in disallowing the amount paid as a support payment attempted to facilitate a distribution of the parties' marital property presents more of a problem. It is not the prerogative of a court in a non–support case to divide a husband's estate by an order of support, nor to direct an accounting of funds in which the wife has an interest. A court is also without jurisdiction to treat a proceeding for support as one for an accounting and to enter an equitable order in effect directing restitution of misappropriated property in installments under the guise of a support order. *18 P.L.E. 142, Husband and Wife § 127, Commonwealth v. Gleason*, 166 Pa.Super. 506, 72 A.2d 595 (1950). In the *Gleason* case, supra, a husband had withdrawn most of the funds held as entireties property by his wife and himself and appropriated the funds to himself. In ordering that he pay the sum of $250 per month for support of his wife the common pleas court indicated that the fact that he had appropriated the parties joint savings to himself "had much to do with determining the amount of the order". This court reversed

the support order because it was really an attempt by the trial court to enter an equitable order directing restitution of misappropriated property and therefore exceeded the jurisdiction of the court in the non–support matter. The fact that appellant appropriated the certificate of deposit to himself does not mean that his ex–wife has lost all property interests in the certificate. However, the proper remedy is to maintain an action against appellant requesting a partitioning of their joint property including those joint assets which appellant had appropriated to himself. She must not be permitted to transform the non–support hearing into one requesting partition of their joint assets.

Reversed and Domestic Relations Office of Delaware County is ordered to credit appellant with a payment of $3048.94 towards the support order.

CERCONE, President Judge, concurs in the result.