463 A.2d 1182

**COMMONWEALTH ex rel. Joela M. DONLEY**

**v.**

**Robert E. DONLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1982.

Filed Aug. 5, 1983.

Allen H. Smith, York, for appellant.

Lawrence V. Young, Assistant District Attorney, York, for appellee.

Before CAVANAUGH, BECK and MONTEMURO, JJ.

CAVANAUGH, Judge:

The instant appeal was taken from an order directing appellant to pay $130.00 per week for the support of his wife. His only claim on appeal is that the order of the court below is "excessive in light of [appellee's] refusal to employ a joint marital asset in satisfaction of joint debts claimed as expenses on her part." We find no merit to this claim and therefore affirm the order of the lower court.

At a hearing held before the lower court, testimony was presented regarding the income, earning capacity and expenses of both parties. At the conclusion of the hearing, the lower court determined that appellant should pay $130.00 per week for appellee's support but it refused to order appellant to provide any support for the parties' three college-age children, as appellee had requested. Our review of the record convinces us that the order entered by the lower court is eminently reasonable.

It was disclosed at the hearing that the parties are joint owners of a certificate of deposit valued at approximately $18,000.00. The certificate has been frozen and cannot be liquidated without the consent of both parties. Monthly mortgage payments on a home owned by the parties jointly, in which appellee resides, and monthly payments on a home improvement loan represent a large portion of appellee's claimed expenses. Appellant contends that he would like to liquidate the certificate of deposit and use the proceeds to pay off the mortgage and the home improvement loan, thus substantially reducing appellee's expenses, and, presumably, the amount of support she would require from appellant. Appellee has, so far, refused to agree to liquidate the certificate. She claims that the parties had previously agreed that the certificate would be held in escrow for the

parties' children, to pay all their debts after they graduated from college.

It is the appellant's position that the lower court should have ordered appellee to liquidate the certificate of deposit and use the funds to pay off all of the joint obligations for which she sought support. The court refused to order any disposition of the certificate on the ground that it had no authority to do so, noting that questions of ownership of jointly held marital property may not be considered by a support court. The court was entirely correct in so holding. It is not the prerogative of a court in a support action to order the division or distribution of property held by the parties. *Commonwealth ex rel. Weinfurter v. Weinfurter*, 276 Pa.Super. 199, 419 A.2d 165 (1980); *Commonwealth v. Turner*, 258 Pa.Super. 388, 392 A.2d 848 (1978); *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa.Super. 428, 323 A.2d 766 (1974). Appellant's remedy is to bring an action requesting partition of the property in question.[1] *Commonwealth ex rel. Weinfurter v. Weinfurter, supra.*

Order affirmed.

---

1. If the parties were proceeding under the Divorce Code of 1980, 23 P.S. § 101 *et seq.*, the court's power to direct partition of the property would be qualified by its duty to divide marital property in an equitable way. *Platek v. Platek*, 309 Pa.Super. 16, 454 A.2d 1059 (1982).