473 A.2d 197

Shana L. NEWCOMER

v.

Michael E. NEWCOMER, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 11, 1984.

Filed March 16, 1984.

Allen H. Smith, York, for appellant.

John D. Miller, Jr., York, for appellee.

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order entered in a support action in the Court of Common Pleas of York County.

The text of the order is somewhat unusual, therefore, we have included it in full below:

In this case, the specific Order of the Court is that this Defendant shall promptly stop his business and start looking for work full-time. He is to fill out the job search forms supplied by the Domestic Relations Office, and comply with that office in every respect in that connection.

We would like a status report two months from today. We would also like, when available, and we understand that will be in the next week or so, the Defendant's 1982 income tax return. We want to make it crystal clear that if this Defendant fails to comply with this Order, we are going to pick him up on an Attachment and incarcerate him.

We direct that a copy of this Order be sent to the Department of Public Assistance.[1]

Appellant father and appellee mother were married in 1978, and are the parents of two minor children. The parties separated in November of 1982.

Appellee and the children are currently receiving Public Assistance in the amount of $206 per month. Appellant presently works in his own business and has done so since August, 1982. He is drawing about $60 per week out of the business, and is otherwise being supported by his grandparents.

A hearing on this matter was originally scheduled for April 25, 1983, but was continued because appellant had not yet filed his 1982 tax return. A hearing was finally held on May 24, 1983. Appellant once again failed to bring his 1982 tax return or the books of his business to the hearing, offering as an excuse the fact that his accountant was still working on them. After brief questioning of appellant—he was the only witness who testified—the court entered the order set forth above.

■ From what we can surmise, the court below must have felt that appellant's business was a losing business, that appellant should not be permitted to stay with it, and that instead he should be out looking for work at which he could realize his earning potential. Aside from the unusual decision to order appellant to shut down his business—and we emphasis that we do not decide the propriety of this action here—we cannot sustain an order based on an incomplete record.

The record here is deficient in several respects.

First, the question of appellant's earning capacity was not touched upon at the hearing. There is no testimony as to what appellant earned at any prior job, how long he has been working in his present field, his educational level, etc.

---

1. We note that but for that portion of the order which directs appellant to promptly cease operating his business, this would not qualify as a final order. *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978).

A court may not base its decision on a conjectured ability to pay. *Commonwealth ex rel. Tizer v. Tizer*, 214 Pa.Super. 444, 257 A.2d 683 (1969).

Secondly, there is an absence of testimony regarding the circumstances of appellant's leaving his prior employment. From what we can glean from a prior order in this case, his former employer went out of business. Yet we do not know when this occurred, or, what efforts appellant made following that to secure employment. This is an extremely relevant question, *Commonwealth v. Trimble*, 197 Pa.Super. 644, 180 A.2d 92 (1962), and one which we insist be fully explored on remand.

Lastly, as stated earlier, appellant failed to produce his 1982 tax return or the books of his business at the hearing. Consequently, the court below, as it freely admitted, "had no idea of the defendant's gross and net income." (Slip Opinion, p. 2). Additionally, appellant provided no documentation of his claim that he was taking only $60.00 a week from the business, and the lower court seemed to doubt his credibility in this respect. *Id.* A court would be hard pressed to determine whether an individual is engaged in a "losing business" without this information. It may well be that appellant's business is a profitable one, but that he is not taking an appropriate amount of funds out of it; or, it could be that documentation would not support his testimony that he is drawing only $60 a week. We would suggest to the court below that when faced with such a situation, it should employ the powers described at Pa.R. C.P. 1910.13 to ensure that the necessary documents are provided.

 Having so held, we nonetheless feel it is appropriate to express some concern over what we see as a potential practical consequence of the lower court's actions. Essentially, appellant has been ordered to close his present business and look for work full time. It is certainly fitting that appellant seek employment commensurate with his earning potential, and obtain such work if it is available. *See Commonwealth ex rel. Raitt v. Raitt*, 203 Pa.Super. 226,

199 A.2d 512 (1964). In addition, we recognize that compliance with the Domestic Relations Section's job search procedures will involve considerable time. Nevertheless, to the extent that appellant is able to continue his business while job searching, it would seem that the wisest course would be to permit him to do so. What we fear is the situation where, after continued search, appellant is unable to find employment. If he has ceased operating his business he will have neither the business nor the $60 per week income. He will have few alternatives at that juncture other than to become a public charge. While we by no means wish to condone a party's failure to support his family to the utmost of his ability, and recognize that one cannot avoid support by staying with a losing enterprise, *Commonwealth v. Testa*, 226 Pa.Super. 585, 323 A.2d 199 (1974); *Commonwealth ex rel. Wills v. Bonetti*, 190 Pa.Super. 335, 154 A.2d 404 (1959), we believe that the best course is to attempt to achieve these objectives in a manner which at the same time does not discourage efforts at self sufficiency.

The Order is reversed and case remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.