**Acree v. Gresh-Acree**

*Paul A. Prince,* for plaintiff.
*Thomas L. Klonis,* for defendant.

GRIM, *P.J.,* February 16, 2007—Defendant Vickie M. Gresh-Acree (Mother) filed exceptions to the support master's report in the above-captioned case. The following are the pertinent facts.

The parties are the parents of three children. Plaintiff David E. Acree (Father) filed a petition to modify Moth-

er's child support payments. He alleged that the existing support order had been based on an estimate of Mother's income and that her actual income was higher than the estimate.

Mother is a full-time realtor who works on a commission basis as an independent contractor. Her customary commission as a listing broker is 60 percent of the total commissions minus a six percent franchise fee and expenses.

Mother's testimony regarding her 2005 earnings was vague and not credible. Mother did not bring any financial records with her to the hearing even though she knew that her income was an issue. She did not remember how many closings she had in 2006. She did not recall how many properties she sold in 2005. She did not know how much she spent either weekly or monthly on gasoline. She did not know what was included in her car and truck expenses of almost $9,000 for 2005. She also did not know what constituted other expenses of approximately $4,000. Mother referred all of the questions to her certified public accountant; however, Mother's accountant was not present at the hearing. Mother also did not recollect anything that she had told the conference officer.

The support master did not find Mother's testimony credible or her 2005 federal income tax return a proper indication of her earning capacity. Mother's schedule C showed gross receipts in the amount of $17,874 while her 1040 form for 2005 reflected a total income loss of $16. Therefore, the support master relied on the gross receipts stated on Mother's 2004 federal income tax return.

In 2004, Mother claimed a total of $17,143 in business expenses, and in 2005 she claimed a total of $17,890 in expenses. The support master found that Mother's legitimate expenses in 2004 were for advertising fees, commissions, insurance, office expenses, and dues for a total amount of $3,180. The support master did not accept Mother's car and truck expenses because Mother had been unable to testify about them. The support master also did not accept as valid the deductions for meals and entertainment, management fees, and office/shared expenses because Mother had not offered proof of any of those deductions. The support master also did not accept as a deduction the telephone expense in the amount of $2,631 because Mother had testified that she spends $1,200 per year for both her home and cell phones.

Based on these figures, the support master found that Mother's gross yearly income was $29,138 and that her net yearly income is $25,127 or $2,094 net per month. The support master found that Father's net monthly income is $5,274 based on Father's pay stubs and tax returns. Mother's support obligation was therefore determined to be $482 per month.

Mother filed exceptions to the recommended order. The court shall address them seriatim.

Mother first excepts to the determination that her monthly net income is $2,094 because the support master failed to use Mother's 2005 federal income tax return and based the recommendation on Mother's 2004 gross income. This exception is without merit and is dismissed.

The support master did not find Mother credible and did not find Mother's 2005 federal income tax return a

proper indication of Mother's earning capacity. Therefore, the support master relied on Mother's 2004 tax return. The general rule is that it is the earning capacity, not the actual earnings, of the parent which is the determinative factor in ascertaining the ability to pay support. *Akers v. Akers,* 373 Pa. Super. 1, 540 A.2d 269 (1988).

The support master gave valid reasons for using Mother's 2004 gross income. The court also finds that the 2004 income is a true indication of Mother's earning capacity. Even assuming, arguendo, that Mother's testimony was credible and that the expenses were valid, a parent cannot avoid support by staying with a losing enterprise. *Newcomer v. Newcomer,* 325 Pa. Super. 536, 473 A.2d 197 (1984). If Mother is actually losing money working as a realtor, then, perhaps, she should find another occupation.

Mother next contends that the support master failed to take into consideration her genuine business expenses, including management fees, office/shared expenses, and vehicle expenses. This exception is meritless and is dismissed.

The support master excluded the management fees and office/shared expenses because Mother had not offered any proof of these expenses. The support master excluded the vehicle expenses because Mother was unable to testify about those expenses when she had been specifically asked about them. Therefore, the support master correctly excluded these deductions in the case sub judice.

Mother's last exception is that the support master erred in failing to dismiss Father's petition for modification

due to the fact that there was no significant change in circumstances. This argument fails.

Pa. R.C.P. 1910.19(a) provides in pertinent part as follows:

"A new guideline amount resulting from new or revised support guidelines may constitute a material and substantial change in circumstances . . . ."

The support guidelines were amended in January 2006. Thus, the amendment qualifies as a material and substantial change in circumstances. Too, there was an issue concerning Mother's source of income for expensive vacations and presents. That type of issue is also covered in the same section:

"The existence of additional income, income sources or assets identified through automated methods or otherwise may also constitute a material and substantial change in circumstances."

For these reasons, the petition for modification was proper.

In accordance with the foregoing opinion, the court enters the following order.

## ORDER

And now, February 16, 2007, after consideration of the exceptions filed by defendant, argument of counsel, and review of the record, it is hereby ordered that defendant's exceptions to the recommended order of the support master are dismissed, and said recommendation is hereby adopted and entered as the order of the court.